Stone vs. The Northwestern Sleigh Co.

Stone, Respondent, vs. The Northwestern Sleigh Company, Appellant.

*January 14 — January 31, 1888.*

*Evidence: Admissions by agent: Impeaching testimony.*

1. Admissions of an agent as to the terms of a contract previously made for his principal are not admissible in evidence except for the purpose of impeaching his credibility.
2. It is error to admit impeaching testimony unless the foundation therefor is laid either before or after its admission. *Rounsavell v. Pease,* 45 Wis. 506, distinguished.

APPEAL from the County Court of *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice Cassoday:

The complaint alleges, in effect, that in January, 1886, the defendant, a corporation of Wisconsin, at Milwaukee, employed the plaintiff, *Geo. W. Stone, Jr.*, as traveling salesman for the term of one year, for $1,200 and expenses, payable monthly, from which he was discharged without cause September 16, 1886, and for which he claims damages. The defense is, in effect, that such employment was by the

month, and for no definite term, and the settlement therefor and payment in full, September 16, 1886. At the close of the trial, the jury returned a verdict in favor of the plaintiff for $404.58. From the judgment entered thereon the defendant appealed.

For the appellant there was a brief by *Flanders & Bottum*, and oral argument by *Mr. Flanders.* To the point that the testimony as to the admission of the agent respecting the terms of the contract was inadmissible, they cited *Hazelton v. Union Bank*, 32 Wis. 48; *Law v. Grant*, 37 id. 561; *Rounsavell v. Pease*, 45 id. 510; *Randall v. N. W. Tel. Co.* 54 id. 144; *McIndoe v. Clarke*, 57 id. 169.

For the respondent there was a brief by *Turner & Timlin* and *C. E. Armin*, and oral argument by *Mr. Turner.* They cited *Rounsavell v. Pease*, 45 Wis. 510, 511; *McElroy v. Eau Claire Lumber Co.* 57 id. 189; *Brown v. La Crosse G. L. & C. Co.* 21 id. 51.

CASSODAY, J. The testimony on the part of the plaintiff tended to prove that in January, 1886, at Milwaukee, one John A. Chapman, in behalf of the defendant, employed the plaintiff for the term of one year, substantially as alleged in the complaint. One of the plaintiff's witnesses, Linderman, having testified in relation to a conversation between the plaintiff and Chapman in January, 1886, at the time of the making of the alleged contract, was asked by the plaintiff's counsel on his direct examination, and before he rested, this question: "Did you at any time *after* this have any conversation with the manager (Chapman) of this *Northwestern Sleigh Company*, in which he said anything about having hired *Mr. Stone* for a year?" This question was "objected to as irrelevant, incompetent, and immaterial." The objection was overruled, and the defendant excepted. The testimony was then given to the effect that in September, 1886, the witness met Chapman in Minne-

apolis, and was there told by him that his arrangement with the plaintiff was that his services should continue for the term of one year, the same as the witness and the other traveling men employed by the defendant. Chapman was subsequently sworn in the case, but was not questioned in relation to the conversation at Minneapolis mentioned by Linderman.

Chapman made the contract, but was in no sense a party to it. His subsequent admissions cannot be regarded as evidence of the terms of the contract. In making the contract he was the agent of the defendant, and whatever he then said and did in relation to it was binding upon his principal, and hence was admissible in evidence as a part of the *res gestæ*. But what he said to the witness in another state, eight months after the making of the contract, was mere hearsay, and hence inadmissible as original evidence. This is not only elementary, but has frequently been decided by this court, as shown by the cases cited by counsel for the defendant. See, also, 1 Greenl. Ev. § 113; *Austin v. Austin*, 45 Wis. 523. After Chapman, as a witness for the defendant, had testified, in effect, that the contract was not for a year, but from month to month, he undoubtedly might have been asked, on cross-examination, whether he did not, at the time and place mentioned, admit what Linderman said he did, and then, if he denied or qualified it, the testimony of Linderman would have been admissible; not, however, as original evidence of the terms of the contract, but merely by way of impeaching Chapman's credibility as a witness. Here, no such foundation was laid for the admission of such impeaching testimony.

All this is substantially admitted by the learned counsel for the plaintiff. But he nevertheless contends that it was permissible, by way of anticipation, to put in such impeaching testimony in advance of the swearing of the witness sought to be impeached; and *Rounsavell v. Pease*, 45 Wis.

511, is cited in support of such contention.  But Mr. Justice LYON, writing the opinion in that case, fully sanctioned the rules above stated, and then said: "After such testimony was received, the agent was called by the plaintiff, and testified that he made no such statement to the defendant's witness; . . . hence the question seems to be *narrowed down to the mere order of proof*," etc.  That being so, and the foundation for such impeaching testimony having thus been subsequently laid, there was in that case no material injury to the defeated party, and therefore the judgment was affirmed.  But here no such foundation was laid at any time.  True, the witness thus sought to be impeached was sworn and examined after the admission of such impeaching testimony, and might have been asked and answered questions in a way to have laid the foundation of such impeaching testimony.  Had such been the case, the error in admitting such impeaching testimony in advance would have become immaterial, and hence insufficient to work a reversal.  But no such question was asked, and no such answer was given; and consequently no such foundation was ever laid.  The result is that we are forced to the alternative of departing from well-established elementary rules, or reversing this judgment.  Duty requires a substantial enforcement of the rules of law.

*By the Court.*— The judgment of the county court is reversed, and the cause is remanded to the superior court of Milwaukee county for a new trial.