JOHN VESELEY *et al.* v. ELIZABETH ENGELKEMEIER.

(Filed June 30, 1900.)

1. EVIDENCE—*Sufficient, When.* If after considering all of the evidence introduced upon a trial, an appellate court can say that it reasonably supports the verdict, the judgment will not be disturbed on the ground that the evidence is insufficient.

2. INCOMPETENT WITNESS—*Testimony of—Not Reversible Error, When.* Where a witness takes the stand and testifies as to matters about which he is competent to testify, and the other party on cross-examination inquires of him, over the objections of the party producing him, as to matters about which he is incompetent to testify, such party will not be heard to say that the court committed error in permitting such witness on re-direct examination to explain the transactions elicited on cross-examination, even though as to such matters the witness was incompetent.

3. INSTRUCTIONS—*Not Error to Refuse, When.* A court is not bound to give an instruction, even though it states a correct rule of law applicable to the issue on trial, in the language requested, but may choose its own language provided it correctly states the principle of law requested in language which is plain and unambiguous, and such as persons of ordinary understanding can comprehend.

(Syllabus by the Court.)

*Appeal from the District Court of Kay County; before Bayard T. Hainer, District Judge.*

*Cline & Hill,* for appellants.

*Dale & Bierer,* for appellee.

Opinion of the court by

BURWELL, J.: The appellants urge error in admitting incompetent evidence, in permitting an incompetent witness to testify, and in refusing to give requested instructions.

The appellee commenced suit in the district court of Kay county for a division of 1,600 bushels of wheat, and to recover possession of one-half of the same, claiming that she was in possession of 80 acres of a certain quarter section of land in Kay county; that it was agreed between the appellant, John Veseley, and appellee that Veseley should plant this land to wheat, the appellee to furnish the seed, and that they should divide equally the wheat grown on the land; that the appellee had furnished the seed wheat, and complied with her part of the contract in every respect, but that the defendant Veseley, after harvesting and threshing the wheat, refused to divide the same and deliver to the plaintiff her share. The defendants filed a general denial.

The plaintiff's testimony supported the allegations of the petition, and she was corroborated by her husband, who, in part of the transaction, acted as her agent.

The defendant, John Veseley, testified upon the trial denying this contract, but admitted that the husband of the plaintiff furnished the seed wheat, claiming that during the year this wheat was grown and for some three or four years prior thereto, he was and had been a homestead entryman on the land referred to; that during the year preceding, the husband of the plaintiff had been his tenant, and had raised some 2,400 bushels of wheat on the tract, 800 bushels of which belonged to the defendant John Veseley, as the landlord's share, but that the husband of plaintiff had never delivered any of his share of the wheat to him until the fall of the year that the wheat was sown, when he received the seed wheat to sow the wheat in controversy, and that this seed wheat was in return for that amount of the 800 bushels.

The husband of the plaintiff took the witness stand in behalf of his wife, and his testimony was confined strictly to the transaction wherein he acted as agent for her until, on cross-examination, the attorney for the defendants asked him if he had told one Mr. Scott that he loaned Veseley the money with which Veseley bought the claim, referring to the tract on which the wheat was grown. Counsel for the plaintiff objected to going into this trans-action for the reason that it was incompetent, irrelevant and immaterial. The court overruled this objection as well as similar objections to other questions of the same character; then, on re-direct examination, the attorney for plaintiff asked the witness this question:

"Question. With reference to this loan, whether it was a loan or not, tell the jury just what that transaction was? Answer. He told me to look up a place and he would file on it if I paid for the premises, and I was to have the use of the land. If I paid for the land I was to have the use of the land until he proved up. Whenever he was proved up he was to turn the land over to me; then he wanted $300, and I had to pay for the proving up. I told him all right."

The witness also said that he had paid $750 for the land and also expended some $300 for improvements, and that the 2,400 bushels of wheat grown during the previous year was his under this contract.

The appellants contend that the admission of this testimony was error. The witness in our judgment was incompetent to give this testimony, as he was the husband of the plaintiff, and at the time these matters transpired, he was not acting as agent for his wife; but in this case its admission is not reversible error. The appellants had no right in the first instance to inquire of the witness as to these transactions, over the objections of the plaintiff;

but when they did so voluntarily, the plaintiff was entitled to have the witness explain the entire transaction, and the appellants will not be heard to say that the witness was incompetent to testify regarding the same.

A party to an action cannot examine a witness on a matter about which he is incompetent to testify and then, when he has gotten just such part of the transaction as is favorable to him, prevent the other party from eliciting the remainder of the transaction which may be against him. Courts will not assist either party to an action in securing an unfair advantage, but on the contrary will see that fairness is accorded to each.

The defendant and his witnesses testified fully as to the purchase of the claim; the jury heard his interpretation of the entire matter, and he alone was responsible for the submission of that question.

We have read the entire record in this case and are satisfied, after an examination of all of the evidence, with the verdict of the jury. It is reasonably supported by the evidence, and should not be disturbed unless errors of law were committed to the prejudice of the appellant; and the only other error urged is, the refusal of the court to give two instructions submitted by appellants. There is no merit in this contention. The charge of the court was very full and more than fair to the appellants; and the court, in effect, covered the points involved in the instructions requested. The court was not bound to charge the jury in the language requested. It had a right to choose its own language, and when it correctly stated the principles of law requested in language which was plain and unambiguous, and such as persons of ordinary understanding could comprehend, it was sufficient.

There is no good reason shown why this case should be reversed; it is therefore affirmed at the costs of plaintiffs in error.

Hainer, J., having presided in the court below, not sitting; all of the other Justices concurring.