RICHARDSON vs PENNINGTON.

Opinion delivered September 25, 1902.

1. *Appeal—Record—Absence of Evidence in.*
> On appeal, the judgment of the trial court must be affirmed when the record fails to disclose the evidence or stipulation upon which such judgment was founded.

Appeal from the United States Court for the Northern District.

WM. M. SPRINGER, Judge.

Action by B. D. Pennington against J. T. Richardson. Judgment for plaintiff. Defendant appeals. Affirmed.

This was an action of ejectment, brought to recover certain lands by Pennington, who was a citizen of the Cherokee Nation, against Richardson, who was not a citizen of said nation, alleging that he was the owner of certain lands described in the complaint under and by virtue of a bill of sale to J. C. Ward, sheriff of Cooweescoowee district, Cherokee Nation, in words and figures as follows: "Goose Neck, I. T., Dec. 18, 1897. Sold to B. D. Pennington the following described intruder improvement for seven hundred ($700.00): Improvements known as the Richardson place 4 miles northwest of Miles P. O., consisting of one two-room box house, stable, and granary; 160 acres under 3 wire fence. First installment paid $116. * * * Sold under act of National Council approved Sept. 30th, 1895, authorizing sale of intruder improvements. Sold by J. C. Ward, sheriff of Cooweescoowee district, C. N." The

law of the Cherokee Nation with reference to the sale of intruder improvements is set up in the complaint. The following motion for judgment appears in the record: "Come the plaintiffs herein, and move the court to enter judgment in this cause upon the stipulation filed in case number 797 on the equity docket of this court, between B. D. Pennington and J. T. Richardson, against the defendant J. T. Richardson, for the premises mentioned and described in said stipulation as 'the improvement or farm situated in Cooweescoowee district, Cherokee Nation, Indian Territory, and the same place mentioned in plaintiffs' complaint in this action,' which said improvement or farm was described in plaintiff's original complaint in this action in the language of the certificate of sale issued by J. C. Ward to the plaintiff, B. D. Pennington, as 'one farm, known as the "Richardson Place," four miles northwest of Miles post office, consisting of one two-room box house, with side rooms, box stable, granary, and out-buildings, one hundred and sixty acres under three wire fence,' which improvement is more properly and fully described as follows, to wit: 'A certain farm or improvement in Cooweescoowee district of the Cherokee Nation of the Indian Territory, lying northwest of Miles post office about four miles, and bounded on the west by a strip of grass land lying between said improvement and the improvement of Walter Gray; on the north by a strip of grass land lying between the said improvement and the improvement of Doctor Watson, and lying between said improvement and another farm of J. T. Richardson, sold to one Andoe, a Cherokee citizen, whose first name is to plaintiff's unknown; on the east by a strip of grass land lying between the said improvement and the improvements of Mrs. Miller; and on the south by a strip of grass land lying between said improvement and the improvement of old man Perryman, which was sold by Sheriff J. C. Ward to Lee Comer, of Claremore, I. T,' And the plaintiffs' state to the court that the land last above par-

ticularly described is the same land embraced in J. C. Ward's 'certificate of sale' to the plaintiff, B. D. Pennington, and is the same land embraced in the stipulation entered into between B. D. Pennington and J. T. Richardson in case number 797 on the equity docket of this court. Plaintiffs therefore pray that B. D. Pennington have judgment in accordance with the terms of said stipulation for all of the lands and premises herein last specifically mentioned and described." There was a response filed to said motion, and the court entered up the following judgment: "On this, the 30th day of March, 1899, this cause coming on to be heard upon the stipulation filed in this case and upon a motion of the plaintiff for a judgment upon the stipulation, and the court, after hearing the testimony and argument of counsel, doth find the issue in favor of the plaintiff; whereupon the defendant took leave to file a petition for rehearing, and upon the 10th day of April, 1899, the petition of the defendant in this cause for a rehearing coming on to be heard, it is therefore overruled by the court, to which overruling the defendant excepted, and was allowed thirty days in which to prepare and file his bill of exceptions; and the court, being well and sufficiently advised in the premises, doth render judgment in favor of the plaintiff for possession of the improvements sued for in plaintiff's amended complaint, which improvement is described as follows: "A certain farm or improvement in Cooweescoowee district, Cherokee Nation, Indian Territory, lying northwest of Miles post office about four miles, and bounded on the west by a strip of grass land lying between the said improvement and the improvement of Walter Gray; on the north by a strip of grass land between the said improvement and the improvement of Dr. Watson, and lying between said improvement and another farm of J. T. Richardson that he sold to one Andoe, a Cherokee citizen, whose first name is to the plaintiff unknown; on the east by a strip of grass land lying between the said improvement and

the improvement of old man Perryman, which was sold by Sheriff J. C. Ward to Lee Comer of Claremore, I. T.,'—and that a writ of possession or restitution issue therefor." A petition for rehearing was filed by the defendant, which was, by the court, overruled, and exceptions taken. On March 28, 1902,—nearly three years after judgment,—J. T. Richardson filed the following motion in the office of the clerk of the United States Court of Appeals at South McAlester: "Now comes the appellant, J. T. Richardson, and here file a full and complete record in the case of B. D. Pennington vs J. T. Richardson, No. 788, as the same appears in the office of the clerk of the United States Court for the Northern district of the Indian Territory at Vinita. Wherefore appellant prays that an appeal be allowed him, and that process issue according to law." Appeal was thereupon allowed, and the case stands for hearing in this court.

*M. M. Edmiston*, for appellant.

*James S. Davenport*, for appellee.

GILL. C. J. The record in this case fails to disclose the evidence or stipulation upon which judgment of the court below was founded, and we have no means of knowing, so far as the record discloses, what the evidence was before the court, other than that there was a motion for judgment on a stipulation, which stipulation does not appear in the record; that a response was filed to said motion; that a trial was had to the court upon such motion and response; that evidence was submitted (what it was we cannot know), and the court pronounced its judgment. In this incomplete and unsatisfactory state of affairs this court will refuse to review the record, or attempt to change or modify the judgment of the court below, and such judgment is, therefore, by this court affirmed.