FARMERS' & MERCHANTS' BANK OF COWETA *et al.* v. SHARUM.

No. 808, Ind. T.    Opinion Filed September 9, 1908.

(97 Pac. 555.)

**APPEAL AND ERROR — Presumptions — Incomplete Record.** In the absence of a complete record on appeal, the presumption is that the action of the trial court was correct.

(Syllabus by the Court.)

*Error from the United States Court for the Western District of the Indian Territory, at Muskogee; William R. Lawrence, Judge.*

Action by A. H. Sharum against the Farmers' & Merchants' Bank of Coweta and Leo E. Bennett, United States marshal. Judgment for plaintiff, and defendants appeal. Dismissed.

*W. A. Brigham,* for appellants.
*Harry G. Davis,* for appellee.

DUNN, J.   On March 30, 1906, the plaintiff, A. J. Sharum filed his verified complaint in the office of the clerk of the United States Court for the Western District of Indian Territory, sitting at Muskogee.   After reciting the complaint, the record contains the following statement:   "And thereafter, on the 3d day of July, the same being a day of the April, 1906, term of said court, this cause coming on to be heard on the demurrer to amended complaint, and the court being fully advised in the premises, doth overrule said demurrer, to which defendant at the time excepts, and stands by his demurrer.   Decree is rendered for plaintiff, making injunction perpetual, which said decree is in words and figures as follows," etc.

This is the only statement in the record from which even an inference may be drawn as to what was before the court.

From the judgment rendered, sustaining the complaint, the defendant appealed to the United States Court of Appeals of the Indian Territory, and by virtue of our succession the cause is before this court for consideration, and as the record does not contain a copy of the demurrer which is purported to have been filed, and on which the court is presumed to have acted, there is nothing before us by which we can determine upon what the judgment was rendered, or the matter that was directly in controversy before the trial court, and, as a presumption that the judgment of the trial court was correct accompanies the case on an appeal to this court, the same is accordingly dismissed. *Richardson v. Pennington,* 4 Ind. T. 172, 69 S. W. 838; *In re Delks' Estate,* 2 Ind. T. 572, 52 S. W. 52.

All the Justices concur .