## MOORE v. JOHNSON.

No. 2927.    Opinion Filed November 11, 1913.

(136 Pac. 422.)

1.  **APPEAL AND ERROR**—Review—Questions of Fact.  Where all the material issues in a cause are fairly and fully submitted to the jury in the instructions of the court, the findings of the jury under all the testimony, the facts, and circumstances, where the testimony is conflicting, will not be disturbed if there is sufficient evidence reasonably tending to support the verdict.

2.  **SAME.**  And in an action for personal injuries, where the issue of negligence and contributory negligence are involved, and such issues are fairly and fully submitted to the jury, their findings, if reasonably supported by the evidence, will not be disturbed.

3.  **SAME**—Excessive Damages.  Likewise, where the question of the extent of the injuries and the amount which would fairly compensate the injured party for same are properly submitted in the charge of the court, the verdict will not be set aside because of excessive damages, where, under all the facts and circumstances, the amount of such verdict does not appear unreasonable.

(Syllabus by Harrison, C.)

*Error from Superior Court, Oklahoma County;*
*Charles H. Garrett, Special Judge.*

Action by Bessie Johnson against A. H. Moore. Judgment for plaintiff, and defendant brings error. Affirmed.

*Bolen & Adkins,* for plaintiff in error.

*J. W. Laws* and *Claud Stringer,* for defendant in error.

Opinion by HARRISON, C. This action was begun in the superior court of Oklahoma county in August, 1909, by Bessie Johnson against A. H. Moore for injuries alleged to have been sustained by a falling water tank on April 19, 1909. The tank in question was a hot water tank holding about 30 gallons, about five feet long by one foot in diameter, which defendant had constructed for plaintiff in the kitchen of plaintiff's residence. It was constructed about six inches from the wall and set about sixteen inches above the floor upon three divergent legs. While plaintiff was moving about at her kitchen work, the tank fell over on her, bruising her and injuring her hip and foot, for which injuries the action was brought because of the negligent construction of the tank and the defective condition in which it was left by defendant at the time the work was completed.

The cause was tried in January, 1911, resulting in a verdict in favor of plaintiff in the sum of $500. From the judgment upon such verdict defendant appeals upon thirteen assignments of error. The first assignment, that the court erred in overruling the motion for a new trial, is presented with and included within the other assignments. The second assignment is that the court erred in not rendering judgment for plaintiff in error on the pleadings. This contention cannot be sustained. The petition stated a cause of action and, if sustained by the evidence, was sufficient upon which to base a judgment.

Plaintiff in error contends, however, that the petition on its face showed that plaintiff below was not entitled to recover because of the following allegation:

"On the 19th day of April, 1909, and before the defendants had left the premises, that she called the attention of the employees of the defendant to the condition of said tank, and

that they told her that said range, boiler, and tank were properly erected and safe and no danger need be apprehended."

Plaintiff in error contends that this allegation shows on its face that she knew the defective construction of the tank and assumed the risk thereof. With this contention we cannot agree. The foregoing allegation, on its face, no more tends to show that she assumed the risk of the defective tank than that she implicitly relied upon the experience and expert knowledge of the builder and upon his representations that it was safe and that no danger need be apprehended therefrom. We cannot agree that the petition discloses a confession of assumption of risk which on its face would justify the court in assuming such fact to be true and rendering judgment on the pleadings on the assumption of such fact.

The third assignment is based upon the refusal of the court to give certain instructions offered by defendant numbered a, b, c, d, e, f, g. We have examined the instructions offered and the charge given by the court and find that such of the instructions offered by defendant as correctly state the law were sufficiently covered in the court's charge and that it was not error for the court to refuse to give them.

The fourth proposition presented is that the court erred in overruling the demurrer to the petition. This proposition is disposed of in determining that there was no error in denying judgment on the pleadings.

The fifth proposition urged is that the damages are excessive because they appear to have been given under the influence of prejudice and passion. The question of the extent of plaintiff's injuries and the pain and suffering caused thereby and the amount which under all the facts and circumstances of the case would reasonably and fairly compensate her for such injuries, was very fairly and fully submitted to the jury by the court, and we do not feel authorized to disturb the verdict reached by the jury under such facts and circumstances.

The sixth proposition is that the verdict is not sustained by the evidence and is contrary to the evidence and against the weight of the evidence. But under the charge of the court the

jury was properly made exclusive judges of the credibility of the witnesses and the weight to be given their testimony; and, having considered such testimony and determined its weight under fair instructions from the court, we cannot say that they reached an erroneous conclusion; nor can we say, from a reading of the record, that they were influenced by passion or prejudice in reaching such conclusion.

The next proposition presents the question of contributory negligence. Plaintiff in error assumes that because of the fact that defendant in error called attention to the defective condition in which the tank was set up and expressed some doubt as to its safety, notwithstanding the fact that she was assured that it was perfectly safe and that there need be no danger, the court as a matter of law should have found her guilty of contributory negligence. Some twelve to fifteen pages of the brief are devoted to a discussion of this proposition and a great many authorities cited. But this proposition is settled by the provisions of our Constitution which make the question of contributory negligence or assumption of risk a question of fact to be determined by the jury. See section 6, art. 23, of the Constitution. Also *C., R. I. & P. Ry. Co. v. Baroni,* 32 Okla. 540, 122 Pac. 926; *C., R. I. & P. Ry. Co. v. Beatty,* 34 Okla. 321, 118 Pac. 367, 126 Pac. 736; *C., R. I. & P. Ry. Co. v. Hill,* 36 Okla. 540, 129 Pac. 13, 43 L. R. A. (N. S.) 622; *Frederick Cotton Oil & Mfg. Co. v. Traver,* 36 Okla. 717, 129 Pac. 747.

As the question was fully submitted to the jury under the instructions of the court, their finding will not be disturbed. We find no material error in the record and are of the opinion that the judgment should be affirmed.

By the Court: It is so ordered.