### GRANTZ v. JENKINS et al.

No. 9324—Opinion Filed Oct. 8, 1918.

(175 Pac. 527.)

1. **Appeal and Error—Showing Error—Presumption and Burden of Proof.**

Error will never be presumed on an appeal of a civil action, but must affirmatively appear, or it will be presumed that no prejudicial error was committed by the trial court.

2. **Same—Grounds of Motion for New Trial—Case-Made—Review.**

A mere allegation in a motion for a new trial of irregularity in the jury and the abuse of discretion of the court, by which the defendant was prevented from having a fair trial, is not sufficient to warrant a consideration, when there is nothing in the casemade that affirmatively shows the acts complained of occurred.

3. **Trial—Requested Instructions—Given Instructions.**

It is not error to refuse special instructions requested by a party, when the questions covered by the special instructions are included in the general instructions.

(Syllabus by Davis, C.)

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by D. L. Jenkins and G. W. Jenkins, partners doing business under the name of Jenkins & Son, against A. R. Grantz. Judgment for plaintiffs, motion for new trial overruled, and defendant brings error. Affirmed.

Daniel Huett, for plaintiff in error.

Carl Kruse, for defendants in error.

Opinion by DAVIS, C. This action was begun by defendants in error, hereinafter referred to as plaintiffs, against the plaintiff in error, hereinafter referred to as defendant, before J. V. Ratcliffe, a justice of the peace of Garfield county, Okla., to recover the sum of $147.87 alleged to be due plaintiffs from defendant. It appears that plaintiffs are engaged in the mercantile business at Hunter, Okla. Clarence F. Meyers, a son-in-law of defendant, was doing business with plaintiffs and had become indebted to them in the sum of about $25. Plaintiffs refused to extend any further credit to Meyers, and on this fact being communicated to Mr. Grantz he went to plaintiffs and made arrangements for his son-in-law to buy his goods and merchandise from plaintiffs. There is a conflict in the evidence as to what this arrangement was, but it is alleged by plaintiffs that defendant came to them and personally agreed to pay for the goods and merchandise furnished his son-in-law, and that upon this express promise and agreement they continued to furnish Mr. Meyers goods and merchandise to the amount of $182.72. Mr. Meyers afterwards made a payment on this account, and reduced it to the amount of $147.87. Defendant refused to pay this sum when requested, and this action was instituted to force collection thereon.

It is not denied by defendant that he had a conversation with plaintiffs in regard to the credit to be extended to Mr. Meyers, but his testimony is that he never agreed at any time that he would pay the indebtedness. His version of the transaction is that he told plaintiffs to make Meyers give them security. On the issues thus formed the cause was submitted to a jury, and a verdict rendered in favor of plaintiffs for the sum of $147.72. A motion for a new trial was duly filed and overruled and from the action of the court in overruling said motion an appeal has been prosecuted to this court to have the action of the trial court reviewed.

The first assignment of error that demands consideration is that the court erred in communicating with the jury after its retirement and in the absence of counsel. The assignment is as follows:

"That the court erred and abused the discretion of the court to the prejudice of the defendant, plaintiff in error herein, in this, to wit: That after the cause had been submitted to the jury the jury sent a note to the judge of said court in words and figures as follows: 'Hon. Judge: We want one question where the court ruled out the communication where Grantz and Cake, that you will have to pay that obligation. "No," says Grantz, "he took the mortgage on the wheat and that releases me from that obligation." Foreman.' That the trial judge wrote the word 'No' and signed the communication 'James B. Cullison, Judge,' and caused the same to be returned to the jury, over the objection of the defendant."

This assignment of error must be denied, for the reason that there is not incorporated in the case-made any evidence to show that the alleged transaction took place. If defendant desired to predicate an assignment of error on this transaction, and have the same reviewed here, he should have made a proper showing that said transaction did in fact take place. Aside from the allegation made in the motion for a new trial, there is nothing before this court to show what the real facts are that did transpire. Were this allegation supported by an appropriate showing that such communication did in fact occur, then it would present a question meriting consideration, but how is this court to know that Hon. James B. Cullison signed any note, or that any note was sent to him by the jury seeking any information, or that counsel was absent when this occurred? This could have been properly incorporated in the case-made by requesting the trial judge to have dictated into the record a statement of the transaction complained of. Should he have refused, then defendant was not without a remedy. He might have supported said allegation by the testimony of the jury, or the bailiff in charge of them, or any other person who was cognizant of the facts. Yet neither is done, and this court is asked to presume that the bare allegation in the motion for a new trial shall be taken as true, and this cause reversed. It has been repeatedly held by this court that error is never presumed, and any one seeking to have a judgment set aside must affirmatively show that error was committed. The record is silent as to what did take place, and in the absence of any evidence supporting this assignment of error we are constrained to hold that it cannot be considered. If we are to be governed by what the record shows, we must conclude that counsel for defendant was in the court

at the time, for it is stated in the motion for a new trial that defendant objected and excepted to the action of the court. How could an objection and exception have been taken, unless counsel was present in court?

In the case of Cox et al. v. Warford, 34 Okla. 374, 126 Pac. 1026, Commissioner Sharp, speaking for the court, said:

"Error will never be presumed on appeal in a civil case, but must be made to appear affirmatively, or it will be presumed that no prejudicial error was committed by the trial court. Grand Lodge v. Furman, 6 Okla. 649, 52 Pac. 932; Mulhall v. Mulhall, 3 Okla. 304, 41 Pac. 109; Grand Lodge v. Edmonson, 6 Okla. 671, 52 Pac. 939; Board v. Hubble, 8 Okla. 169, 56 Pac. 1058; * * * Farmers', etc., Bank v. Sharum, 21 Okla. 863, 97 Pac. 555."

In the case of Joseph v. National Bank, 17 Kan. 256, the Supreme Court of Kansas had this question before it for consideration and announced the following rule:

"But it is claimed that the record does not show that the defendants or their counsel were present at the time these instructions were given, and does not show that any notice was given to them. * * * But the record does not show that the defendants and their counsel were absent and that they had no notice. From anything appearing in the record, the defendants and their counsel may have had ample notice, and may have been present at the time the instructions were given. The record is merely silent upon the subject. Now the defendants themselves brought the record to this court and instead of bringing the entire * * * record, they brought only what is termed 'a case-made for the Supreme Court.' * * * And it always devolves upon the plaintiff in error, the party complaining, the party who makes the case, to see that enough is put into his 'case-made' to show affirmatively the errors of which he complains. Error is never presumed from mere silence in the record, and certainly not in favor of the plaintiff in error whose record is merely a 'case-made.' If the defendants were not present, and had no notice when said instructions were given, they should have made their 'case-made' show that fact affirmatively."

In the instant case, if counsel for defendant was absent when this alleged transaction occurred, he should have made this fact affirmatively appear, as well as all other facts pertinent to it.

The next error assigned for consideration is error of the court in refusing to give two special instructions offered by defendant. There was but one question to submit to the jury in this case. Did defendant authorize plaintiff to furnish goods and merchandise to Meyers, and were said goods and merchandise furnished on the express promise of defendant to pay for them?

Defendant denied that he made any promise whatever. Plaintiffs averred that he did, and this controverted question was submitted to the jury for determination. An examination discloses that the trial court instructed the jury that they must believe and find by a fair preponderance of the evidence that the defendant agreed and promised that if plaintiffs would sell the goods to Meyers that defendant would pay for them, and that plaintiffs sold said goods under such circumstances as to render defendant a principal debtor. The special instructions offered by defendant were covered by the general instructions given by the court. Hence there was no error in refusing said instructions. Moore v. Johnson, 39 Okla. 587, 136 Pac. 422.

It has been repeatedly held by this court that a promise to pay for merchandise furnished to a third person, when said goods are furnished on the faith of said promise, makes the promisor primarily liable for said debt; that such promise is an original and not a collateral promise. Kesler v. Cheadle, 12 Okla. 489, 72 Pac. 267; Lindley v. Kelly, 47 Okla. 328, 147 Pac. 1016.

The foregoing assignments of error are the only ones that demand consideration, and as it does not appear that prejudicial error was committed in the trial of said action, we recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.