## MAUPIN v. BINNION.

No. 12980—Opinion Filed March 11, 1924.

Rehearing Denied June 17, 1924.

**1. Appeal and Error — Harmless Error— Rulings On Evidence.**

A case will not be reversed for error in the admission or rejection of evidence unless it appears upon an examination of the entire record that such error has resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.

**2. Guaranty—Compliance With Conditions —Jury Questions—Action for Balance of Purchase Price of Real Estate.**

Where, in an action to recover a balance alleged to be due as purchase money for the sale of certain real estate, it is alleged that the defendant guaranteed in writing payment of such purchase price at the expiration of one year from the date of the deed in event plaintiff was unable to realize such amount from the sale of certain shares of stock in a corporation which plaintiff conditionally accepted as a part of the transaction by which said real estate was conveyed, held, that the question of whether or not there was any consideration to support the alleged promise to pay the said purchase money so guaranteed, and whether or not the written guaranty signed by the defendant was a new and independent transaction occurring after the deed had been executed and delivered, and whether or not the plaintiff had made a bona fide effort to realize upon the stock held by him was properly submitted to the jury.

**3. Same—Appeal and Error—Sufficiency of Evidence.**

Where in an action to recover a balance alleged to be due as purchase money for the sale of certain real estate, it is alleged that the defendant guaranteed in writing payment of such purchase price at the expiration of one year from the date of the deed in the event plaintiff was unable to realize such amount from the sale of certain shares of stock in a corporation which plaintiff conditionally accepted as a part of the transaction by which the said real estate was conveyed, and the question of whether or not there was any consideration to support the alleged promise to pay the said purchase money so guaranteed, and whether or not the written guaranty signed by the defendant was a new and independent transaction occurring after the deed had been executed and delivered, and whether or not the plaintiff had made a bona fide effort to realize upon the stock held by him, was properly submitted to the jury under proper instructions, and there is evidence reasonably tending to support the verdict of the jury on all these issues, the Supreme Court on appeal will not disturb such verdict.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by S. S. Binnion against W. L. Maupin to recover a money judgment. Judgment for plaintiff, and defendant appeals. Affirmed.

Robert W. Maupin, for plaintiff in error

S. S. Binnion, for defendant in error.

Opinion by FOSTER, C. This action was commenced in the district court of Oklahoma county, Okla., by S. S. Binnion, defendant in error, plaintiff below, against W. L. Maupin, plaintiff in error, defendant below, to recover the sum of $400 alleged to be due the defendant in error upon the purchase price of certain city lots located in Colcord addition to the city of Oklahoma City, which had been conveyed to the plaintiff in error on the 23rd day of February, 1917.

The parties will be hereinafter referred to

as they appeared in the trial court.

Plaintiff alleged in his petition that the purchase price of said real estate was $500, and that he received at the time of the execution of his deed the sum of $100 in cash, and that the payment of the remainder of the purchase price in the sum of $400 was guaranteed at the expiration of one year from the date of the deed in the event plaintiff was unable to realize said amount from the sale of 25 shares of stock in the Shelton Safety Egg Case Company, which plaintiff conditionally accepted at the time.

It was further alleged that as a part of the same transaction by which the real estate was conveyed the defendant executed and delivered to the plaintiff his written guaranty, in words and figures, as follows:

"This is to certify that I the undersigned have this day sold and transferred to S. S. Binnion (25) shares of stock of $25 per share in 'The Shelton Safety Egg Case Company', Cir. $446.

"And that I hereby agree and do give him my personal guarantee that if he does not realize $400 from said stock at the end of twelve months from this date I will redeem said stock at that time and pay him the sum of $400.

"This the 23rd day of February, 1917.
W. L. Maupin."

Plaintiff further alleged that he had made diligent effort to realize on said stock, but was unable to do so, and at the time of the transaction same was worthless, and that the consideration for the sale of said real estate had failed so far as the said stock was concerned and demanded judgment for the sum of $400 and interest from the 23rd day of February, 1917, and for costs.

The defendant answered denying generally the allegations in plaintiff's petition, and further alleged that during the year following the execution of the written guaranty the stock which he had delivered to the plaintiff was worth and could have been sold for the sum of $400, and alleged that the reason that the plaintiff did not realize on the stock was that he held it for a higher price and made no effort to realize upon it.

The cause proceeded to trial before the court and a jury. At the close of plaintiff's evidence, a demurrer thereto was interposed by the defendant, overruled, exceptions allowed, and the trial resulted in a judgment for the plaintiff for the sum of $400. Motion for judgment notwithstanding the verdict and for a new trial was filed by the

defendant and overruled, exceptions allowed, and the defendant brings the cause regularly on appeal to this court upon petition in error and case-made.

At the trial the court permitted, over the objection of the defendant, the introduction in evidence of the written guaranty, set out above, to which action of the court the defendant excepted.

The defendant contends that the verdict of the jury is not sustained by the evidence and that the court erred in not sustaining his demurrer to plaintiff's evidence. ·

(1) Because based upon the alleged written guaranty which was improperly admitted in evidence.

(2) Because the evidence on the part of the plaintiff failed to show that there was any consideration to support the alleged promise to pay the $400.

(3) That the evidence of the plaintiff failed to show that he was unable to realize the sum of $400 for the stock, and that he had made a bona fide effort to dispose of it; and,

(4) That plaintiff's petition failed to show any liability whatever in favor of the plaintiff and against the defendant.

It is contended that the written guaranty was inadmissible under the provisions of sections 9608, 9610, and 9613, Comp. Stat. of 1921.

It must be borne in mind that plaintiff's action was not based entirely upon the written guaranty incorporated in his petition, but that the foundation of his action was the recovery of purchase money which became due and payable from the defendant for the transfer of certain real estate, and the written guaranty was merely collateral to the main transaction by which the real estate was conveyed, and should be construed and interpreted in connection with the entire transaction.

In this view of the case defendant would be liable independently of the written guaranty introduced in evidence if there was other evidence tending to show liability. Plaintiff testified that defendant agreed to pay him $500 for the real estate; that he received only $100, and the balance in the sum of $400 had not been paid. This evidence was alone sufficient to sustain the verdict of the jury, if they believed the plaintiff's theory that the written guaranty was merely collateral to the main transaction, and this court will not ordinarily re-

verse a case on account of improper admission of testimony, unless it is satisfied from a survey of the whole record that the admission of such testimony was prejudicial to the substantial rights of the adverse party. If error was committed in the admission of such testimony, it could not in our judgment have constituted reversible or prejudicial error. Johnson v. Johnson, 72 Okla. 155, 169, 179 Pac. 595.

The claim that the evidence on the part of the plaintiff failed to show any consideration for the promise guaranteeing the payment of $400 at the end of one year, and that plaintiff did not make a bona fide effort to realize this amount on the stock within that time, is, we think, equally untenable.

Plaintiff's testimony is clear and positive that the written guaranty was executed as part and parcel of the same transaction by which the real estate was conveyed; that he had satisfied himself prior to the time of the consummation of the deal that the stock was worthless and that the written guaranty was executed and delivered at the same time to secure him against loss of the purchase price remaining unpaid; and that he used reasonable diligence to dispose of the stock for the amount remaining unpaid upon the purchase money and was unable to do so.

In these circumstances the promise of the defendant to pay was not void for want of mutuality and imposed a duty upon the plaintiff to provide a purchaser for this stock who was able and willing to pay therefor the sum of $400 by February 23, 1918, or himself pay this amount to the plaintiff, and it was only incumbent upon the plaintiff to show that he made a reasonable and bona fide effort to realize on the stock without avail.

There is no merit in the claim that the plaintiff failed to offer this stock to the defendant as a prerequisite to demanding the balance of the purchase price due him for the real estate. The obligation of the defendant to pay the full purchase price could not be affected by any conduct of the plaintiff short of his bad faith in attempting to hold on to the stock for speculative purposes.

The contention that the petition of the plaintiff failed to show any liability whatever in favor of the plaintiff and against the defendant because there was no allegation therein of a demand, cannot be sustained.

The contract of the defendant was a contract for the payment of money, and a demand for performance was therefore unnecessary. There was no obligation upon the plaintiff to notify the defendant of his failure to realize the $400 from the sale of the stock as long as he was making a bona fide effort to realize on the stock. It was the defendant's obligation to see that the plaintiff did realize on this stock without notice. We are therefore of the opinion that the trial court did not err in overruling the motion of the defendant for judgment notwithstanding the verdict and for overruling his demurrer to the evidence of the plaintiff.

It is true that the defendant denied that there was any consideration to support his promise to pay the $400, and that the written guaranty signed by him was a new and independent transaction which occurred after the deed had been executed and delivered, and introduced some evidence tending to show that the plaintiff failed to make a bona fide effort to realize upon the stock which he held, and tending to show that he could have realized upon this stock before and after the 23rd day of February, 1918, but continued to hold the same for speculative purposes until the stock had become practically worthless. But these were matters for the jury to determine under the conflicting evidence before it, and where, as in this case, there is evidence reasonably tending to support the verdict of the jury and no prejudicial errors of law are shown in the instructions by the court, or its ruling upon law questions presented during the trial, such verdict will not be disturbed by the Supreme Court upon appeal.

For the reasons stated, the judgment of trial court should be and is hereby affirmed.

By the Court: It is so ordered.