## ALLEN v. OKLAHOMA STATE BANK of ENID.

No. 18483. Opinion Filed Oct. 2, 1928.

Simons, McKnight, Simons & Smith, for plaintiff in error.

Dyer & Smith, for defendant in error.

MASON, V. C. J. The Oklahoma State Bank of Enid, as plaintiff, commenced this action against Will C. Allen to recover the sum of $1,408.90, with interest and attorney's fee, upon a promissory note executed and delivered by said defendant to the plaintiff bank.

The bank contended that in the year 1920, one G. E. Darland borrowed from said bank the sum of $1,000 and that the defendant, Allen, was an indorser thereon; that when said note became due, Darland failed to pay and discharge the obligation, and the defendant, in order to discharge his liability thereon, took up said note and, as a consideration therefor, made, executed, and delivered to said bank his promissory note for $1,000; that when said note became due, the defendant repeatedly renewed the same for the principal amount and accrued interest from time to time until the 3rd day of March, 1924, when the note sued on was executed.

The defendant contended that said note was void for the reason that no consideration was received by him for the execution of said note. Defendant admitted that he was an indorser on the note of Darland and that Darland failed to pay the same, but he alleged that an arrangement and agreement was entered into between the plaintiff bank, acting by its president, W. R. Lence, and the defendant substantially as follows:

That prior to the time said note became due, there had been a manufacturing corporation located at Enid, named the Geronimo Motor Company, which was engaged in the manufacture of automobiles and of which corporation the defendant was president and with which corporation Darland was connected; that about the time said note was executed, said corporation was indebted to both Darland and the plaintiff bank; that shortly prior thereto, the manufacturing plant of said corporation had been destroyed by fire and a large part of its assets had been lost thereby; that the corporation was unable to pay its debts and the bank was endeavoring to collect what was owing to it; that at said time the defendant had in his possession an automobile belonging to said company; that the said Darland offered to pay the plaintiff bank the note upon which the defendant was an indorser if Allen, on behalf of said corporation, would deliver said automobile to Darland to apply on his indebtedness against the corporation.

Defendant further contends that he then advised the bank, through its president, of Darland's proposition, and the plaintiff asked the defendant to refuse said proposal, and to deliver said automobile to the plaintiff, thereby enabling the bank to collect the value of such automobile to apply on the corporation's obligation to the bank; that in such event the plaintiff bank would thereupon relieve the defendant as indorser upon the note of Darland and would look to said Darland alone for payment thereof. Defendant contends that he accepted said proposition and delivered said car to the plaintiff bank.

Defendant further contends that, at the request of the president of said bank, and without any consideration and for the sole purpose of avoiding the appearance of carrying past due paper on the part of the bank by holding the Darland note, he executed a note to said bank representing the amount of indebtedness evidenced by the note of Darland, and that the renewal notes, including the one sued on herein, were executed under and by virtue of such original agreement and with the understanding that there was to be no liability on his part.

Lence, as a witness for the plaintiff bank, denied all such agreements. The bank claimed that said car was subject to a mortgage executed by the Geronimo Motor Corporation and held by it, and that it obtained possession of said automobile by reason thereof.

The jury returned its verdict in favor of the plaintiff bank for the full amount sued for, upon which the court rendered judgment and from which the defendant appeals.

Counsel for plaintiff in error have not complied with the rules of this court in the preparation of their brief, but all questions are argued collectively and are so intermingled that it is impossible to select any part of the brief as applying to any particular specification of error.

The first contention, as we understand it, is that the trial court erred in admitting any evidence relative to said automobile being subject to mortgages of the plaintiff bank, for the reason that this question was not drawn in issue by the pleadings. The

16

record discloses that this question was first injected into the case by the defendant testifying that said car was not covered by mortgage of the plaintiff bank at the time he delivered said automobile to it. The error, if any, therefore, was invited by the plaintiff in error, and he will not be permitted to secure a reversal of the judgment by reason thereof. Hutchins v. Richardson, 100 Okla. 80, 227 Pac. 432.

The plaintiff did not only have the right to refute such evidence of the defendant, but the defendant having relied upon an agreement with the plaintiff bank whereby he was to be released as surety on the note of Darland by delivering said automobile to the bank, such evidence became material for the purpose of showing a lack of consideration for such an agreement.

Complaint is also made of an instruction of the court which required the defendant to prove that said car was not mortgaged. The defendant admitted the execution and delivery of the note sued on, and, therefore, had the burden of proving such facts as would relieve him from liability.

It is also urged that the trial court erred in permitting Lence to testify, over the objection of the defendant, that said car was subject to certain mortgages executed by the motor corporation to the plaintiff bank. It is contended that the mortgages were the best evidence. The record, however, discloses that, prior to the introduction of such evidence, said mortgages had been admitted in evidence. It is, therefore, apparent that such error, if any, was harmless, and the rule is well established in this state that a case will not be reversed for error in the admission of evidence, unless it appears upon an examination of the entire record that such error resulted in a miscarriage of justice. Section 319, O. O. S. 1921; Petty v. Knight-Petty Mercantile Co., 97 Okla. 250, 223 Pac. 128; Maupin v. Binion, 100 Okla. 32, 227 Pac. 390.

Counsel for plaintiff in error cite many cases which hold that, in the absence of specific provisions, a chattel mortgage does not cover after-acquired property. Although the automobile in question appears to have been manufactured after the execution of these mortgages, yet we fail to see wherein these cases are applicable.

It is admitted that all of the chattel property belonging to the motor corporation and all the parts and accessories which were used in the manufacture of said automobile were covered by said mortgages. The question of after-acquired property, therefore, is not involved in this case.

In Putnam v. Cushing, 10 Mass. 334, the court held:

"The mortgage of leather cut and prepared for the manufacture of shoes covers the shoes subsequently made therefrom."

In Crosby v. Baker, 6 Mass. 295, it was held: The mortgage on cucumbers in bulk and in brine covers them when pickled and in bottles. In Perry v. Pettingill, 33 N. H. 433, the court held: The mortgage on unfinished pruning shears, or the separate parts thereof, covers them when finished and assembled, and consequently, the mortgagee can hold against an attachment by another creditor of the mortgagor.

Complaint is also made because of the refusal to give certain requested instructions and the giving of other instructions. An examination of the instructions given by the court discloses that they cover and include all questions presented by the issues in the case and requested by the defendant in the instructions tendered. The rule is well settled that the refusal of requested instructions tendered by the defendant is not error where those to which he was entitled were covered by the instructions given. Rennie v. Gibson, 75 Okla. 282, 183 Pac. 483; Citizens Bank v. Citizens State Bank, 75 Okla. 225, 182 Pac. 657; Lusk v. Haley, 75 Okla. 206, 181 Pac. 727; Felt v. Westlake, 68 Okla. 294, 174 Pac. 1041; Grantz v. Jenkins, 73 Okla. 205, 175 Pac. 527.

In fact, the instructions given by the court appear to have been too favorable to the defendant. The instructions given submitted the question to the jury as to whether or not the president of the bank had entered into an agreement with the defendant whereby he was not to be liable on said note. Although the jury found against the contention of the defendant, and such finding being supported by competent evidence will not, under the well-established rule, be disturbed by this court on appeal, yet the instruction was favorable to the defendant and contrary to the case of Security Nat. Bank of Tulsa v. Bohnefeld, 131 Okla. 66, 267 Pac. 631, wherein the rule is announced as follows:

"The officers of the bank have no authority as such to bind the bank by a promise made to a person executing a note to the

bank that the maker will not be required to pay the same."

Some contention is also made by the defendant that the original note was without consideration. The finding of the jury on this question is also conclusive, yet, if this were not true, he would be estopped from making such defense by reason of the subsequent renewals of said note with full knowledge of all the facts.

In Security Nat. Bank v. Bohnefeld, supra, the rule is also announced as follows:

"One who gives a note in renewal of another note, with knowledge at the time of a partial failure of the consideration for the original note, or false representations by the payee or his agent in procuring such note, waives such defense and cannot set it up to defeat a recovery on the renewal note."

From an examination of the entire records herein, we are of the opinion that the cause was fairly and properly tried and submitted to the jury under proper instructions. The defenses made were largely, if not entirely, questions of fact based upon conflicting evidence, and the jury having found in favor of the plaintiff, the same will not be disturbed by this court on appeal.

The judgment is affirmed.

BRANSON, C. J., and HUNT, RILEY, CLARK, and HEFNER, JJ., concur.