## ENID TRANSFER & STORAGE CO. v. FISHER.

No. 22349.   Nov. 20, 1934.

Ledbetter, Stuart, Bell & Ledbetter, for plaintiff in error.

Dyer, Smith & Crowley, for defendant in error.

PER CURIAM. This is an action to recover for personal injury sustained by the plaintiff through the negligence of the defendant in parking a certain large moving van upon the highway at nighttime, without a rear light burning, contrary to law. The case was tried and submitted to a jury, resulting in a verdict in favor of the plaintiff in the sum of $4,750. The parties will be hereinafter referred to as plaintiff and defendant.

An examination of the testimony discloses that it was a disputed question of fact as to who was at fault and as to what was the proximate cause of the injury. The jury decided those issues adversely to defendant by finding for the plaintiff and against defendant. This court has held in a number of cases that where there is any evidence reasonably tending to support the verdict and judgment, the judgment will not be disturbed on appeal on the ground of insufficiency of the evidence. Emerson v. Parker, 131 Okla. 13, 267 P. 480; City of Pawhuska v. Crutchfield, 147 Okla. 4, 293 P. 1095; Ward Way, Inc., v. Gunter, 147 Okla. 265, 296 P. 468.

Having disposed of the question of the sufficiency of the evidence, we will consider the other questions raised by defendant.

It is next contended the court erred in not sustaining defendant's demurrer to the evidence of plaintiff when he rested his case.

The rule is well settled in this state that if a defendant, after its demurrer to the evidence of plaintiff has been overruled, does not stand upon its demurrer, but puts on its evidence, and does not move for a directed verdict after the parties have finally rested, it waives the demurrer and cannot urge against an adverse verdict that the evidence is insufficient to establish a cause of action in favor of the plaintiff. Abraham et al. v. Gelwick et al., 123 Okla. 248, 253 P. 84; Dryfoos v. Davison et al., 146 Okla. 160, 293 P. 1099; Local Building & Loan Ass'n v. Hudson-Houston Lumber Co., 150 Okla. 44, 3 P. (2d) 156.

Defendant, having waived its demurrer, cannot now raise the question in this court.

It is next contended counsel for plaintiff was guilty of such gross misconduct in his closing argument to the jury that the cause for that reason must be reversed.

There are two reasons why this contention is not good:

It appears from an examination of the record that defendant's counsel in his opening statement told the jury that no verdict should be returned for the plaintiff because a Mr. Emerick would have to pay the judgment, and it would not be right for the plaintiff to put his hand in the pockets of an innocent party and extract money therefrom, and sought to show by the testimony of Mr. Emerick and others that the moving van belonged to Emerick, implying thereby that Emerick would have to pay the judgment. The Enid Transfer & Storage Company, a corporation, was the defendant. Mr. Emerick's name nowhere appears in the record except as the same was injected by defendant's counsel. Defendant's counsel also introduced in evidence certain statements made by plaintiff and one Parker, who was driving the car in which the plaintiff was riding at the time of the injury, made to certain investigators for an indemnity company, and if the fact that defendants were indemnified was brought into the case it was by the defendant in the first instance. Having opened and brought these questions before the jury, defendant is not in a position to complain. It fairly appears from the record that whatever plaintiff's counsel said was in reply to this evidence and to the previous argument made by counsel for the defendant.

One who invites error cannot complain of his own conduct. A party on appeal to the Supreme Court will not be permitted to secure a reversal of a judgment upon error which he has invited and acquiesced in. Allen v. Oklahoma State Bank of Enid, 133 Okla. 14, 270 P. 838.

The other reason is that the argument and objection thereto and the ruling of the court were not taken down by the court reporter and the question was first presented by affidavit and oral testimony in support of the motion for a new trial, which are controverted by counter affidavit, and there is no finding or certificate by the trial court that the statements complained of were made by counsel.

In City of Tulsa v. Horwitz Co., 151 Okla. 201, 3 P. (2d) 841, this court held that under that state of the record the question was not properly before this court for review.

It is next contended the court erred in refusing the requested instructions of defendant.

No objections were made nor exceptions saved to any of the instructions given by the court. A careful examination discloses

that they fully and fairly state the law of the case as applied to the evidence, and that they are not contradictory, but when considered together, not only were sufficient, but in substance contained all the requested instructions of the defendant.

Where the instructions when considered as a whole correctly state the law and fairly submit the issues to the jury arising upon the proof, there is no reversible error. Hays v. Azbill, 76 Okla. 313, 184 P. 945; Davis v. Ball, 76 Okla. 252, 185 P. 105.

This court has held that the court is not bound to give an instruction, even though it states a correct rule of law applicable to the issues on trial, in the language requested, but may choose its own language, provided it correctly states the principle of law requested, in language which is plain and unambiguous, and such as persons of ordinary understanding can comprehend. Veseley v. Engelkemeier, 10 Okla. 290, 61 P. 924; Carden v. Humble, 76 Okla. 165, 184 P. 104; Producers' & Refiners' Corporation v. Castile, 89 Okla. 261, 214 P. 125; Marland Refining Co. v. McClung, 102 Okla. 56, 226 P. 312.

It is next contended the court erred in permitting the plaintiff to impeach a witness of the defendant, without having laid the proper predicate therefor.

Plaintiff was permitted to show that Mr. Horstmeyer, the principal witness for the defendant, had made impeaching statements, without first having laid a proper predicate therefor. Later in the trial Horstmeyer took the stand and was interrogated about these matters and denied having made the statement imputed to him, but explained what he did say and how he came to say it.

An admission of proof of a witness' variant statements without first having laid a proper foundation therefor becomes harmless error where the assailed witness is afterward interrogated in respect to the variant statements in the usual manner and has an opportunity to explain. Esterly v. Eppelsheimer, 73 Iowa, 260, 35 N. W. 846; Hartsfield v. State (Tex Cr.) 29 S. W. 777; Stone v. Northwestern Sleigh Co., 70 Wis. 585, 36 N. W. 248.

While it was error for the trial court to permit the impeaching evidence in the first instance, without a proper predicate being laid therefor, it becomes harmless error when the witness was interrogated and given an opportunity to deny or explain the variant statements.

The damages awarded plaintiff appear to

be reasonable, considering the extent of his injuries.

No reversible error appearing, the cause is affirmed.

The Supreme Court acknowledges the aid of Judge Will H. Chappell, Judge of the Criminal Court of Appeals, who assisted in the preparation of this opinion. The Judge's analysis of the law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.