## FREEBORN v. HOLT.

No. 13259—Opinion Filed June 17, 1924.

1. **Municipal Corporations—Violation of Ordinance as Negligence — Action for Injuries in Automobile Collision—Instructions.**

In an action for damages, where it is alleged by the plaintiff that he has been damaged by collision with an automobile, driven by the minor son of the defendant, under the age limit required by a city ordinance for drivers of automobiles, and an instruction is given by the court to the jury that such violation of the city ordinance was negligence per se, and at the request of the defendant the court refused to give the further charge to the jury that such violation of the ordinance alone would not authorize a verdict against the defendant, unless the jury further found that the violation of the municipal ordinance was the proximate cause of the injury and was not directly contributed to by want of due care on part of the plaintiff, this was error, and the court should have further charged the jury that the violation of said ordinance must be the proximate cause of the injury, and that they must find that said violation had some causal connection with said injury.

2. **Negligence — Violation of Law — Causal Connection.**

The general rule of law is that one who does an unlawful act is not thereby placed outside the protection of the law, but that, to have this effect, the unlawful act must have some causal connection with the injury complained of.

3. **Same—Personal Injuries — Proximate Cause.**

It is a well-established rule that in a suit for damages for personal injuries, although the defendant may be shown to have been negligent in some manner, yet, unless the negligence so shown was the proximate cause of the injury complained of, no recovery can be had on account of such negligence.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by L. B. Holt against F. W. Freeborn for recovery of damages sustained to his automobile in a collision. Judgment for plaintiff. Defendant brings error. Reversed.

West & Petry, for plaintiff in error.

Hunt & Eagleton, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Tulsa county, Okla., by L. B. Holt, defendant in error, plaintiff below, against F. W. Freeborn, plaintiff in error, defendant below, to recover damages for the destruction of an automobile as a result of a collision between an automobile owned by plaintiff in error and the one owned by defendant in error.

The parties to this action will be referred to in this opinion as plaintiff and defendant as they appeared in the lower court.

Plaintiff alleges in his petition that he was the owner of a Dodge automobile of the value of $750, which was entirely destroyed in a collision at the intersection of two streets in the city of Tulsa, Okla., and that defendant's automobile was being driven at an excessive rate of speed by his minor son of the age of 14 years, with the approval and under the authority of the defendant, and that under special ordinance of the city

of Tulsa any person under the age of 16 years was forbidden to drive an automobile within said city limits, and that said collision was caused by said minor son driving said automobile into the one owned by plaintiff in a careless, reckless and negligent manner, and prayed for judgment for $750 and costs. A copy of said city ordinance is attached to and made a part of plaintiff's petition by amendment to said petition.

The defendant answered by way of general denial, but admitted that the automobile driven by his son belonged to him; and that he was the owner of the Winton automobile, which was being driven in a careful and proper manner by his son, and was being occupied by a daughter and another son of the defendant, and that the plaintiff carelessly and negligently drove the Dodge car against his automobile with great force and injured said car to the extent of $800, and injured his daughter, and claimed damages for medical and surgical services in the additional sum of $200; that his automobile was being driven at a moderate rate of speed in a proper and careful manner along the right hand side of the street and as the same approached the intersection of the two streets the plaintiff, driving at the speed of about 30 miles an hour, without warning, sign, or signal, suddenly turned his automobile to the left and immediately in front of defendant's automobile, and in such a manner that the collision could not have been avoided by any means whatsoever, and claimed damages in the sum of $1,000.

The plaintiff replied by way of general denial.

The cause was tried to a jury and resulted in a verdict in favor of the plaintiff in the sum of $650, and a motion for new trial was filed, heard, and overruled; exceptions reserved and judgment pronounced in favor of the plaintiff and against the defendant in the sum of $650, with interest at six per cent. from the 1st day of October, 1921, until paid, and for costs.

From said judgment the cause comes regularly upon appeal by defendant to this court.

The attorneys for defendant complain of certain instructions, and of the admission of certain testimony over their objections, and complain that the court did not submit to the jury the proper instruction upon the question of the age of the defendant's son, the driver of the automobile, in that he did not charge the jury that the violation of the city ordinance by defendant in permitting his son, under 16 years of age, to drive, said automobile alone would not entitle plaintiff to recover in this action, but that the jury must further find that such violation was the direct and proximate cause of the accident, and that the plaintiff was not guilty of contributory negligence.

Attorneys for plaintiff filed motion to dismiss the appeal for the reason that the attorneys for defendant wholly failed to set out the specifications of error as required by the rules of the Supreme Court. We are of the opinion that the motion should be overruled, for the reason that the brief sets out and argues the principal points upon which the appeal is based, and in the reply brief of defendant specifically sets out the grounds upon which the said appeal is based, and substantially complies with the rules of the court, and said motion is, therefore, hereby overruled.

The evidence in the case is very conflicting as to the position of the two automobiles at the time of the collision relative to the street intersections and as to the speed of the two cars. There is no question but what the defendant's automobile was on the proper side of the street, that it was being driven by a minor son, under the age limit prescribed by the city ordinance for drivers of automobiles in the city of Tulsa. A photograph of the two machines after the accident, and before they had been moved, was introduced in evidence, which would indicate that the plaintiff's automobile was not on the proper side of the street at the time of the collision. The marks on the pavement, caused by the sliding of the wheels of the two automobiles, where the rubber of the tires left black marks on the pavement, as testified to by the witnesses, would indicate that, as a physical fact, the automobile of plaintiff was on the wrong side of the street. If it were for this court to decide this case upon the facts submitted, we perhaps would arrive at a different conclusion from that arrived at by the jury, but the jury having all the facts before it, in our opinion, it would be an invasion of the province of the jury for this court to find the facts different from the result arrived at by the jury. It only remains for this court to determine whether this case was properly submitted to the jury by the court under proper instructions. Instruction No. 4, complained of by attorneys for defendant, is as follows:

"You are instructed that the general rule

is that the violation of a public duty enjoined by law for the protection of person or property constitutes negligence per se. And if you find from the evidence in this case that there was in force at the time of the alleged collision a statute or ordinance, regulating the driving of automobiles in the city of Tulsa, Okla., passed for the purpose of protecting the public, it was the duty of both the plaintiff and defendant to observe the same and the omission of this duty by either plaintiff or defendant constitutes negligence, on the part of the one so omitting to observe the same."

In the above instruction the court instructed the jury, in effect, that the defendant was guilty of negligence per se when he permitted his minor son to drive the car in violation of the city ordinance of the city of Tulsa, but nowhere in the instruction does he charge the jury that they must further find that the violation of the city ordinance had some causal connection with the accident, and was the proximate cause of the accident, and that the plaintiff was not guilty of contributory negligence. In our opinion, the failure to so charge the jury was error, and was such an error as deprived the defendant of a substantial right under the record evidence in this case.

This court, in the case of Larkey v. Church, 79 Okla. 202, 192 Pac. 569, decided by the late Justice Pitchford, held that the violation of a city ordinance by a driver of an automobile at the time when an accident occurred was prima facie evidence of negligence, but that the jury must further find that such acts were the proximate cause of the injury sustained by the complaining party, and in the body of the opinion we find this language:

"* * * The mere fact alone that the defendant was driving on the wrong side of the street would not authorize a verdict against him unless the jury further found by the preponderance of the evidence that the conduct of the defendant in so driving, and not the conduct of the plaintiff, was the cause of the collision, and the resulting damages and injuries."

And further in the opinion, the court, passing upon this question, says:

" * * * That the violation of a municipal ordinance passed in the proper exercise of police power in the interest of public safety, and not in conflict with the general law, is negligence per se and where such act of negligence by the defendant is the direct and proximate cause of the injury, not directly contributed to by want of due care on the part of the injured person, the defendant is liable."

And the court further says in said opinion, in addition to finding that the violation of the ordinance is negligence per se:

"* * * Still the jury would have been required to find that the negligence of the defendant was the proximate cause of the injury."

The evidence on part of the defendant in the instant case tended to show that the plaintiff was traveling at a high rate of speed and on the wrong side of the street, and that he turned directly in front of defendant's automobile, and the jury would have been entitled, under the evidence in this case, to find that the injury to the plaintiff was the direct result of his failure to observe the rules of the road and to use ordinary care, and that he was chargeable with contributory negligence.

This court in the late case of Marland Refining Co. v. J. F. Duffy, 94 Okla. 16, 220 Pac. 846, held:

"The general rule of law is that one, who does an unlawful act, is not thereby placed outside the protection of the law, but that, to have this effect, the unlawful act must have some causal connection with the injury complained of. In accord with this rule it is held that one, who sustains injuries to his person or property by the negligence of another while using an unlicensed automobile, is not precluded from recovering by reason of the failure to comply with statutes in effect providing that motor vehicles shall be registered, and shall not be operated on the highway unless they are registered, where the failure to register in compliance with the statute had no causal connection with the injury."

In the above case, the plaintiff was driving an automobile in violation of the statute law of the state by not having first obtained a registered license tag, and the defendant urged this as a complete defense as against his right of recovery. The general line of authorities upon this phase of the case are considered in said opinion and the general principle established by the authorities is that notwithstanding the proof that a city ordinance or statute has been violated by a party offending against said statute or ordinance he cannot be held in damages for an injury or accident resulting to a complaining party for this reason alone, but there must be further proof that the act in violation of the ordinance or statute was the proximate cause of the injury, and that there must be some causal connection between the injury and the violation of the statute or ordinance. This being true, it

was the duty of the court, in the instant case, to have instructed the jury in this regard and especially so when requested to do so in writing by attorneys for defendant, and the court's failure to give such an instruction was substantial error and deprived the defendant of a substantial right, and, in our opinion, such failure committed reversible error.

The attorneys for defendant complain that the admission of testimony showing that the car of defendant was insured, was a fundamental error. The court, after having admitted this testimony over the objection of defendant's counsel, instructed the jury that this evidence should not be considered except for the purpose of showing that one of the defendant's witnesses, who was an agent of the insurance company, had an interest in the result of the action, and that they must consider it for the purpose of passing upon the credibility of such witness. In our opinion, this evidence should not have been admitted for any purpose in the form in which it was admitted, but as this case is being reversed upon the failure to give proper instructions, we do not deem it necessary to make further reference to said testimony.

For the above reasons we are, therefore, of the opinion that the judgment of the trial court should be and is hereby reversed, with orders to grant a new trial in this cause.

By the Court: It is so ordered.