**McAFEE v. STATE ex rel. WALCOTT, Act. Bank Com'r.**

No. 16039—Opinion Filed Feb. 2, 1926.

**1. Appeal and Error—Review — Agreed Facts.**

The trial of the cause upon an agreed statement of facts on appeal presents purely a·question of law for consideration. .

**2. Same—Stockholder's Liability in Failed Bank Sustained.**

Record examined; held, to be sufficient to support judgment in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Stephens County; W. M. Pugh, Judge.

Action by Roy Walcott, as Bank Commissioner, against J. A. McAfee for statutory liability on account of a failed state bank, in which the defendant owned stock. Judgment for plaintiff, and defendant brings error. Affirmed.

J. P. Speer, for plaintiff in error.

W. C. Lewis, J. T. McIntosh, and M. W. McKenzie, for defendant in error.

Opinion by STEPHENSON, C. The defendant owned four shares of stock of the par value of $100 each, in the Farmers State Bank of Comanche, Okla. The banking institution became insolvent, and the Bank Commissioner commenced his action against the defendant to recover a sum of money equal to the par value of the stock, pursuant to statutory provisions. The cause was tried upon an agreed statement of facts which was in substance:

(1) That J. A. McAfee was the owner of four shares of stock in the Farmers State Bank of Comanche, Okla., of the par value of $100 each; that the bank became insolvent, and the State Bank Commissioner, pursuant to statutory provisions, took charge of the institution on the 7th day of August, 1922, for the purpose of liquidation.

(2) That J. A. McAfee had on deposit in the banking institution the sum of $2,684.88. at the time the Bank Commissioner took charge of the banking institution on account of the insolvent condition, for the purpose of liquidation; that J. A. McAfee tendered his check on the Farmers State Bank of Comanche, Okla., for the sum of $400 to the liquidating agent in settlement of his statutory liability on the stock owned by the defendant, which was refused.

The defendant pleaded a counterclaim against plaintiff's right to recover, based upon the funds of the defendant in the failed bank, against plaintiff's right to recover upon the statutory liability. The agreed statement of facts confined the trial of this cause to the defendant's right to recover on the alleged counterclaim against the defendant. The agreed statement of facts presented the single legal question of the defendant's right to recover on his counterclaim. The question was decided against the defendant, and the latter has perfected his appeal for a review of the court's ruling. The case of Kimbriel, Adm'x, v. State ex rel. Walcott, 106 Okla. 177, 233 Pac. 420, decided a similar question on appeal contrary to the contention made by the plaintiff in error here.

The plaintiff in error undertakes to present the question of the plaintiff's right to recover upon other grounds. If it be conceded that plaintiff in error presents questions of merit in this respect, their existence must depend upon the establishment of certain facts. We are unable to say what the facts were in respect to such questions, as the trial of this cause was confined to an agreed statement of facts which presented the single question of the defendant's right to recover upon his alleged counterclaim as heretofore referred to.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 889 §2860. (2) 4 C. J. p. 1130 §3122.