## EMERSON v. PASKER.

No. 17970. Opinion Filed May 15, 1928.

(Syllabus.)

1. **Appeal and Error—Review—Conclusiveness of Verdict in Law Action Reasonably Supported by Evidence.**

Where, in an action at law, there is some evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instruction of the court, or in its rulings upon law

questions, regardless of where the weight of the evidence may lie, the verdict and finding of the jury are conclusive on appeal to the Supreme Court.

**2. Damages—Verdict for $1,200 for Personal Injuries. Held not Excessive.**

Record examined, and held, that the amount of recovery is not excessive.

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; Luther James, Judge.

Action by General George Pasker against John R. Emerson for damages on account of personal injuries sustained. Judgment for plaintiff, and defendant appeals. Affirmed.

B. C. Franklin, for plaintiff in error.

Long & Buchanan, for defendant in error.

JEFFREY, C. This was an action commenced in the district court of Tulsa county by General George Pasker, as plaintiff, against John R. Emerson, as defendant, on account of personal injuries received by plaintiff when struck by defendant's automobile in the city of Tulsa, on November 23, 1925. The petition alleged that, about 9 o'clock on the evening of said date, plaintiff was walking north along the west side of Greenwood avenue in said city, and when he reached a point near the intersection of Greenwood avenue and Latimer street where pedestrians usually traveled to go to the east side of said avenue, he turned to his right, and attempted to cross said avenue; that his view was obstructed to the south by another automobile until he had gotten a few feet from the curb, and that before he had an opportunity to look and observe a car approaching from the south, and before he arrived at the middle of the street, defendant, while driving in a fast and reckless manner and on the left side of said street, in violation of a certain city ordinance specifically pleaded, struck plaintiff, knocked him to the pavement, and produced various injuries to his body for which he asked damages.

Defendant, by way of answer, denied all allegations of negligence, and alleged that plaintiff's injuries were the direct and proximate result of his own negligence.

The cause was tried to a jury, and a verdict returned in favor of plaintiff for the sum of $1,200. From the judgment based thereon, and the order overruling motion for a new trial, defendant has appealed.

It is stated in the brief that the first three assignments of error will be grouped for discussion. Counsel for defendant sets out excerpts of testimony given on behalf of defendant to the effect that defendant was not driving at an excessive rate of speed at the time of the injury; that he sounded his horn some distance before he struck plaintiff; that he was driving on the right side of the street; and that at the time plaintiff came within defendant's view, defendant was too close to plaintiff to stop his car without striking plaintiff. The effect of this argument is that there was conflicting evidence on these issues; and that defendant's evidence preponderates. Since plaintiff recovered a verdict at the hands of the jury, on the question of the sufficiency of the evidence, this court is not concerned about what defendant's evidence tended to prove or disprove on controverted issues. If there is any evidence reasonably tending to support the verdict, this court will not weigh the evidence to determine where the weight lies. The weight of the evidence, and the credibility of the witnesses, are questions to be decided by the triers of fact in actions triable at law. In such cases, where there is any evidence reasonably tending to support the verdict of the jury or judgment of the court, the same will not be set aside except for errors of law. Seekatz v. Foltz, 118 Okla. 159, 247 Pac. 413. There was evidence that defendant was driving at the rate of about 35 miles per hour in a northerly direction along Kingwood avenue, and to the west of the center of said avenue, at the time he struck plaintiff; and that he did not give any warning of his approach, all in violation of the ordinances of the city of Tulsa. We think there is ample evidence of primary negligence to support the verdict of the jury.

It is next argued that the verdict of the jury is excessive, but in what particular it is not pointed out. With this we do not agree. The evidence shows that plaintiff at the time he received the injury, was 38 years of age; that he was a plasterer by trade, and earned the sum of $1.50 per hour; that at the time he was struck by the car, he received a gash on his head, a dislocated knee joint, one or two fractured ribs, three teeth broken out, and other injuries to his shoulder and side. He was in the hospital eight or nine days, during which time he suffered severe pain. Plaintiff's evidence, some of which was disputed, showed that the tendons and ligaments in plaintiff's left knee were torn loose, causing an enlargement of the joint; that the condition of his knee caused him pain, and interfered with his walking, and that this condition was permanent. A physician tes-

tified that the wound on plaintiff's head was still discharging when he last examined him in May, 1926; and that it would likely continue to discharge at intervals; that two ribs were out of place, which would interfere with plaintiff's doing his regular work; and that this condition was permanent. Plaintiff testified that he had tried to follow his trade since the accident; but that his side, shoulder, knee, and head pained him to such an extent that he was unable to perform his work as a plasterer; that while he had attempted to get work that he could do, he had only been able to earn the sum of $99 from the date of his injury to the date of trial, May 11, 1926 Under the evidence, it appears that the verdict was a very modest one. See Midland Valley Co. v. Hilliard, 46 Okla. 391, 148 Pac. 1001.

It is next asserted that the court erred in refusing to permit one Dr. Payne, as a witness for defendant, to testify whether or not there was a discharge of pus from plaintiff's scalp wound. Counsel for defendant asked Dr. Payne if, in taking an X-ray of plaintiff's skull, the picture would reveal the presence of pus. To this question an objection was sustained. So far as we are able to ascertain, this is the only attempt made by defendant to show anything about pus in the scalp wound. There was no evidence, in so far as we have been able to ascertain, and counsel points out none, that justified the above question. The court did not err in sustaining the objection.

Counsel points out no error in the record, and finding none, the judgment of the trial court is affirmed.

BENNETT, TEEHEE, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note—See under (1) 4 C. J. p. 853, § 2834; 2 R. C. L. p. 206; 1 R. C. L. Supp. p. 444; 4 R. C. L. Supp. p. 92; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 76 (2) 17 C. P. p. 1120, § 464; anno L. R. A. 1915F, 30; 46 A. L. R. 1230.