## WARD WAY, Inc., v. GUNTER.

No. 20500. Opinion Filed March 3, 1931.

C. A. Ambrister and Bower Broaddus, for plaintiff in error.

Wilkinson & Hudson, for defendant in error.

McNEILL, J. This is an appeal from the district court of Pittsburg county. The plaintiff, Wilson Gunter, defendant in error, filed his petition in the district court of said county against The Ward Way, Incorporated, plaintiff in error, for the recovery of damages for personal injuries, and also for damages to his Ford automobile, in a collision between said Ford automobile, driven by said plaintiff, with the bus of the defendant, corporation, said collision occurring on the public highway in the county of Pittsburg, state of Oklahoma. Plaintiff alleges that the negligence of the defendant was the proximate cause of the injury. The defendant denied that it was negligent and alleges that the plaintiff was guilty of contributory negligence.

The case was tried to the court and jury, and upon the verdict of the jury in favor of the plaintiff in the sum of $1,500, the defendant, The Ward Way, Incorporated, brings this action to this court on appeal. The parties are referred to as plaintiff and defendant, as they appeared in the trial court.

The plaintiff, in his petition, alleges, in substance, that on the 10th day of September, 1927, at about 8 o'clock p. m. of said day, plaintiff was traveling in his Ford car on and along the public highway of said county, and proceeding in a southerly direction at a moderate rate of speed of about 15 miles an hour; that as he neared a one-way bridge on said highway at the bottom of a hill he saw the bus of the defendant coming down said hill at a rapid rate of speed, at about 35 miles per hour; that said bridge was too narrow to permit cars to pass each other; that plaintiff stopped his car on the north end of said bridge for the reason that he did not have time to pass over said bridge before the arrival of said bus; that said bus ran into and against the car of plaintiff knocking plaintiff's car from said bridge, totally wrecking said car and injuring said plaintiff; that plaintiff was thrown against the steering wheel of his car; that his face struck said wheel, knocking out 12 teeth and shattering a portion of his jaw bone; that his lungs were damaged and crushed, his knees and legs were skinned; that his left arm was cut, and plaintiff was permanently injured, suffering great pain and mental anguish; that he sustained a loss of two weeks' work valued at $3 per day, and paid out in doctor's bills the sum of $35; that his car was demolished, which was of the value of $150, being a 1926 model Ford; that he received said injury on account of the carelessness and negligent acts of the agent and servant of said defendant; that the agent and servant of said defend-

ant drove the bus at the aforesaid speed of about 35 miles an hour and drove the same at a rapid rate of speed on said bridge without keeping a close watchout and without due care for the protection of this plaintiff, and that said bus ran into and against the car of the plaintiff, damaging and injuring the plaintiff as herein above stated. Plaintiff alleges that his injuries amounted to the sum of $3,000 and asks judgment against said defendant for said amount.

The defendant, The Ward Way, Incorporated, for answer of the petition of plaintiff filed a general denial, and further alleged that the plaintiff was guilty of contributory negligence in this, to wit: That the defendant's bus was proceeding along a detour on said highway, using due care, and was in and upon a one-way bridge; that defendant's car had just about cleared said bridge and had almost stopped, with the rear portion thereof on said bridge when plaintiff negligently and carelessly, and well knowing that the defendant could not turn the said bus to avoid a collision, and that the position of said bus was fixed upon said highway, ran into and against the front of said bus; that one of plaintiff's lights or the left headlight of plaintiff's car was not lighted, and that the plaintiff, instead of watching for vehicles coming from the opposite side, was standing up and looking over his windshield, and ran into and against the bus of the defendant.

To this answer of the defendant, the plaintiff filed a reply by way of general denial. After the judgment was rendered in favor of the plaintiff, a motion for a new trial was duly filed by the defendant, same was overruled, exceptions taken, and defendant lodged its appeal in this court. Motion for new trial, omitting formal parts, set forth the following grounds:

"1. Irregularity in the conduct of the attorney for the plaintiff.

"2. Misconduct on the part of the attorney for the plaintiff.

"3. Excessive damages appearing to have been given under influence of passion or prejudice.

"4. That the verdict is not sustained by sufficient evidence.

"5. That the verdict is contrary to the law.

"6. Error of law occurring at the trial and excepted to by the defendant.

"7. Error of the court in overruling demurrer to the evidence of the plaintiff."

Said defendant assigns as error that the court erred in giving the following instructions, to which the defendant duly excepted at the time, to wit:

"No. 5. You are further instructed that upon approaching the narrow bridge where the accident occurred, it is the duty of the driver of the defendant's car to exercise such extra precautions, if any, to avoid danger of a collision and to bring his car under control as an ordinarily prudent person under like or similar circumstances, viewing the situation from his standpoint, would exercise to avoid a collision, and a failure to exercise such care and caution would constitute negligence."

"No. 7. You are further instructed that upon approaching a narrow bridge or a one-way section of the road ordinarily the person who first drives on to said narrow roadway or bridge has the right of way, and it is the duty of the other to stop and wait for the car first entering said narrow way to pass; and in judging whether or not either or both of the drivers violated his duty in this particular you should take into consideration all of the surrounding conditions and circumstances, the place where the accident occurred, the condition of the bridge, the effect of the collision, the movements of the cars prior to and up to the impact, the speed at which the cars were running prior to the accident, and all the other facts and circumstances in evidence keeping in mind that it was the duty of each driver to use that care and caution that an ordinarily prudent person would use under like or similar circumstances.

"No. 8. You are further instructed that if the plaintiff stopped his car in the road and defendant driver carelessly and negligently ran his bus into the car of the plaintiff, the plaintiff being free from contributory negligence, that the defendant would be liable and if while said plaintiff was stopped in the road, if defendant's driver approached at such a rapid and reckless speed as to constitute negligence as herein defined so that he could not bring his car under control and as a proximate result thereof ran into the plaintiff's car, the plaintiff being free from contributory negligence, then said defendant would be liable.

"No. 9. You are therefore instructed, gentlemen of the jury, that if you believe by a preponderance of the evidence that the accident was proximately caused by the negligence of the driver of the defendant's car, you should find for the plaintiff unless you further find that the plaintiff was guilty of contributory negligence that proximately contributed to the accident. On the other hand, if you do not believe by a preponderance of the evidence that the accident proximately resulted from the negligence of the driver of the defendant's car, or if you believe by a preponderance of the evidence that the plaintiff was guilty of contributory

negligence, then you should find for the defendant and that the plaintiff take nothing."

And contends that the court erred in refusing to give on behalf of the defendant, upon its request, the following instructions:

"No. 2. In determining whether the act was the proximate cause of the injury, the legal test was the injury of such a character as might reasonably have been foreseen or expected as the natural result of the accident complained of. The defendant is not more chargeable with results which do not naturally and reasonably follow as the consequence of his conduct."

"No. 4. You are instructed that before the plaintiff can recover in this case, against the defendant, he must prove by a fair preponderance of the evidence as the term is hereinafter explained the following:

"1. That the plaintiff was using said highway in a lawful manner, and was exercising ordinary care and prudence to avoid injury.

"2. That the defendant, through its agents or servants, was guilty of negligence in the operation of its said car as alleged in the petition, and only such negligence as alleged therein.

'3. That the negligence of the defendant's agent or servant was the proximate cause of the injury.

"Unless you should find each and all of these facts from the preponderance of the evidence, your verdict must be for the defendant upon the plaintiff's action, regardless of all other issues in this case."

Defendant further contends in its brief:

"* * * It is apparent that the jury was misled and confused by the instructions of the court.

"First, by the instruction that the defendant's servant or driver must use extra precaution, if any, in order to avoid the danger of collision at the culvert or bridge and in not giving the instructions submitted by the defendant, stating the correct rule.

"Second, by the giving instructions number 5 and 7, as such instructions must be considered together and the two instructions are inconsistent and conflicting and place upon the defendant conflicting duties and this court cannot determine which instruction the jury may have followed.

"Third, by the giving of instruction number 8 for the reason that said instruction omits the charge as to a portion of negligence included in said instruction that such negligence must be the proximate cause of the injury complained of before the plaintiff could recover; and the remainder of the instruction is based upon a presumed act of negligence neither pleaded nor proven.

"Fourth, for the giving of instruction numbered 9 as it is in direct conflict with instruction 8 and tends to confuse and mislead the jury. * * *

"Every instruction given by the court which deals with the real issues of the case was erroneous, misleading, and confusing."

Defendant urges that the use of the words "extra precaution, if any," in instruction No. 5, required the defendant to use more than ordinary care according to the surrounding circumstances. An analysis of this instruction does not impose that duty upon the defendant. The court instructed the jury that it was the duty of the driver of the defendant's car "to exercise such extra precautions, if any, to avoid danger of a collision * * * as an ordinarily prudent person under like or similar circumstances * * * would exercise to avoid a collision. * * *" It does not set forth a standard that it was the duty of the driver of the defendant's car to exercise extra precautions. The instruction No. 5 follows:

"You are further instructed that upon approaching the narrow bridge where the accident occurred it is the duty of the driver of the defendant's car to exercise such extra precautions, if any, to avoid danger of a collision and to bring his car under control as an ordinarily prudent person under like or similar circumstances, viewing the situation from his standpoint, would exercise to avoid a collision, and a failure to exercise such care and caution would constitute negligence."

The care and caution required is such as the ordinarily prudent person would exercise to avoid a collision and in keeping his car under control when approaching a narrow bridge on the public highway. This seems to be a fair and reasonable interpretation to give this instruction. The placing of the word "such" immediately in front of the words "extra precaution" and limiting the same with the words "as an ordinarily prudent person under like or similar circumstances * * * would exercise" deprives this instruction of the contention raised by the defendant that the driver of the bus must use "extra precautions." The wording of the instruction when used in connection with the rest of the instructions cannot be said to be misleading.

"The law as to drivers of motor vehicles is not different from that which governs other persons. The standard required is that of the reasonably prudent person under all the circumstances." Massie v. Barker, 224 Mass. 420, 113 N. E. 199.

In this connection this court has announced, in the case of Gourley v. Jackson,

116 Okla. 30, 243 Pac. 243, in reference to the driver of an automobile as follows:

"That one may not proceed in a direct line when he knows that by so doing, injury to property or person must inevitably result, and the danger of so proceeding is open, obvious, and imminent, and this is particularly true where the person so proceeding knows of the danger in time . to avoid the same by stopping."

Counsel for the defendant also complains that in said instruction No. 5 the court did not call the attention of the jury to the fact that it was necessary to find that the negligent act of the defendant was the proximate cause of the accident and injury to the plaintiff.

In stating the issues to the jury, the court states:

"Plaintiff further says that he received said injury on account of the careless and negligent acts of the agent and servant of said defendant."

The court in its instruction No. 4 states in part:

"You are instructed, in order for the plaintiff to recover in this case he must prove some of the particular acts of negligence set forth in his petition, and that one or more of said acts of negligence was the proximate cause of the injury, and he must be free from contributory negligence."

And in instruction No. 3 the court defines proximate cause as follows:

"You are instructed that in order to establish proximate cause, it is necessary in the first place that there be causal connection between the negligent act and the injury. The act must be such that without it the injury would not have happened. It must have been the cause which produced the injury, and hence where the cause did not contribute to the injury, it cannot be the proximate cause."

Again, the court in instruction No. 9, in reference to proximate cause, states:

"You are therefore instructed * * * that if you believe by a preponderance of the evidence that the accident was proximately caused by the negligence of the driver of the defendant's car, you should find for the plaintiff unless you further find that the plaintiff was guilty of contributory negligence that proximately contributed to the accident. On the other hand, if you do not believe, by a preponderance of the evidence, that the accident proximately resulted from the negligence of the driver of the defendant's car, or if you believe by a preponderance of the evidence that the plaintiff was guilty of contributory negligence, then you should find for the defendant and that the plaintiff take nothing."

Our court has announced in personal injury cases that to constitute actionable negligence, three essential elements are necessary:

"First, the existence of a duty on the part of the defendant to protect the plaintiff from injury;

"Second, the failure of the defendant to perform that duty;

"Third, injury to the plaintiff resulting from such failure." Chicago, R. I. & P. Ry. Co. v. Perkins, 115 Okla. 233, 242 Pac. 535.

This application is stated in the case of Phillips v. Classen, 93 Okla. 82, 219 Pac. 708:

"In every personal injury case in this jurisdiction, one of three propositions is presented:

"First, negligence on the part of the defendant, and injury resulting to plaintiff therefrom, and the same constitutes a question of fact for the jury;

"Second, primary negligence on the part of the defendant, combined with contributory negligence on the part of the plaintiff, resulting in injury to plaintiff, and again constituting a question of fact for the jury;

"Third, entire failure in plaintiff's evidence to show negligence upon the part of the defendant, and then the matter becomes a question of law for the court, and should be taken care of on demurrer to the evidence or motion for a directed verdict."

In all personal injury cases the defendant must be shown to have been negligent in some manner, yet, unless the negligence so shown was the proximate cause of the injury complained of, no recovery can be had on account of such negligence. Larkey v. Church, 79 Okla. 202, 192 Pac. 569; Freeborn v. Holt, 100 Okla. 50, 227 Pac. 136.

There must be a causal connection between the negligence averred and the injury received to entitle a plaintiff to recover. O'Neal v. Vie, 94 Okla. 68, 220 Pac. 853.

The plaintiff, in his petition, sets forth the acts of negligence relied upon, and alleges that he received his injuries on account of the careless and negligent acts of the defendant. The court, in defining the issues to the jury, presented this question for its determination, and properly defined the term "proximate cause." The jury, by its verdict, determined that there was a causal connection between the negligence of the driver of defendant's bus and the injury received by the plaintiff.

Also, complaint is made that there was error in giving other instructions herein noted, and in refusing to give others. The instructions must be taken and considered

together as a whole and in their entirety, and not in isolated or detached parts alone, but must be considered and interpreted in the light of and in harmony with every other instruction to determine whether such instructions are consistent and harmonious, or are misleading, contradictory, and in conflict with each other. Ponca City Ice Co. v. Robertson, 67 Okla. 86, 169 Pac. 1111; St. Louis-San Francisco R. Co. v. Thompson, 139 Okla. 142, 281 Pac. 565.

From an examination of the instructions given—although they are not free from criticism—we are of the opinion that the court substantially gave the law applicable to the issues in this case.

There is no dispute as to the general nature of plaintiff's injury. The evidence, however, is conflicting as to the exact place of the accident and as to how it occurred. It is admitted that there was a one-way bridge on the highway in question, and that plaintiff and defendant were approaching the same in opposite directions at about the same time. Plaintiff contends that he had stopped his car on the bridge prior to the collision. Defendant's testimony disputes this fact, and defendant contends that plaintiff had not reached the bridge, but had apparently stopped and then suddenly turned his car into the bus. The witnesses for each side testified to the facts and circumstances surrounding the accident and a detailed summary of this evidence would serve no useful purpose. These physical facts rest upon the testimony of the witnesses, whose credibility and the weight of their evidence is for determination of the jury.

This court has held:

"On an appeal, this court will not consider and weigh conflicting evidence; and, where there is evidence reasonably tending to support the verdict of the jury, the same will not be disturbed." Howerton v. Joplin Supply Co., 105 Okla. 171, 232 Pac. 104.

Again, in Emerson v. Pasker, 131 Okla. 13, 267 Pac. 480:

"Where, in an action at law, there is some evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or in its rulings upon law questions, regardless of where the weight of the evidence may lie, the verdict and finding of the jury are conclusive on appeal to the Supreme Court."

We are of the opinion that the evidence offered reasonably tends to support the verdict of the jury, and that there was no prejudicial error committed by the trial court in the giving of the instructions to the jury and the refusing of the requested instructions offered on behalf of the defendant.

The judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur.

Note.—See under (1) 13 R. C. L. p. 296 et seq.; R. C. L. Perm. Supp. p. 3350; R. C. L. Continuing Perm. Supp. p. 514. (2) 2 R. C. L. p. 1183; R. C. L. Perm. Supp. p. 642. (3) 14 R. C. L. p. 772. (4) 2 R. C. L. p. 194 et seq.; R. C. L. Perm. Supp. p. 368; R. C. L. Continuing Perm. Supp. p. 40.