## OKLAHOMA RAILWAY CO. v. MOUNT.

No. 20682. Opinion Filed March 8, 1932.

Hayes, Richardson, Shartel, Gilliland & Jordan (John H. Vossbrink, of counsel), for plaintiff in error.

Gomer Smith and Wm. Pfeiffer, for defendant in error.

CLARK, V. C. J. This action was commenced in the district court of Oklahoma county by defendant in error against the plaintiff in error. The parties will be referred to as they appeared in the trial court.

This action was for damages to plaintiff, who was a passenger for hire in the bus of defendant, Oklahoma Railway Company, by reason of a collision between the said bus and the automobile driven by defendant H. R. Bruning, at the intersection of Tenth, street and Dewey avenue in the city of Oklahoma City, occasioned by the joint and concurring negligence of both defendants. The verdict of the jury was a general verdict against both defendants in the sum of $22,500. Separate motions for new trial were filed by the defendants, and upon a hearing thereon the court found that the verdict was excessive by $7,500, and directed plaintiff to file a remittitur remitting said judgment down to $15,000 and cost, which remittitur was filed by plaintiff; whereupon the court overruled the motion for new trial, to which action of the court the defendants excepted, gave notice of appeal and defendant Oklahoma Railway Company brings the cause here for review.

The plaintiff alleged in her petition; with reference to the negligence of the defendants, as follows:

"That said collision was occasioned by the joint and concurring negligence of both defendants in that the defendant Bruning and the driver of the bus, who was an employee of the defendant Oklahoma Railway Company, did each carelessly and negligently fail to maintain and keep a reasonable lookout for other vehicles as they approached and entered said street intersection; that although each vehicle was approaching said intersection intending to cross, both of the drivers of said vehicles did carelessly and negligently fail to give any signal of warning or indication of their intention to cross said intersection. * * *

"That both of said drivers failed to have and keep their vehicles under a reasonable control; that each or either of said drivers

could have avoided said accident by the exercise of ordinary care or by the use of the means at their command if after seeing each other they had applied their brakes and stopped their cars, which they each negligently failed to do."

The defendant H. R. Bruning filed answer by way of general denial.

The defendant Oklahoma Railway Company filed amended answer by way of general denial, a plea of contributory negligence, and a plea charging its codefendant, H. R. Bruning, with sole responsibility for plaintiff's injuries, if any. Plaintiff's reply to the answers filed was a denial of the material allegations in said answers that were inconsistent with the allegations of plaintiff's petition.

At the close of plaintiff's evidence in chief, defendant Oklahoma Railway Company interposed its demurrer thereto, which was overruled, to which ruling the defendant saved its exception, and introduced its evidence; thereupon the defendant H. R. Bruning introduced his evidence; and at the close of all the evidence, at the request of all parties litigant, the jury viewed the scene of the accident; and thereupon the defendant Oklahoma Railway Company moved for directed verdict for the reason "that the evidence is insufficient to entitle the plaintiff to recover as against it"; which was overruled by the court and exception saved by the defendant.

The plaintiff in error, Oklahoma Railway Company, presents its assignments of error under two propositions, to wit:

Proposition 1: "The verdict and judgment for plaintiff is unsupported by and contrary to the evidence and the legal principles applicable thereto."

Section 10164, C. O. S. 1921, as amended by chapter 76, Session Laws 1927, relating to rules of the road, reads in part as follows:

Rule 7: "At intersecting roads or streets, vehicles approaching from the right shall have right of way over those approaching from the left. * * *"

Section 4891, C. O. S. 1921, provides:

"A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose and must exercise to that end a reasonable degree of skill."

In the case of Ward Way, Inc., v. Gunter, 147 Okla. 265, 296 P. 468, this court in the 2nd paragraph of the syllabus said:

"The law as to drivers of motor vehicles is not different from that which governs other persons. The standard required is that of the reasonably prudent person under all the circumstances."

In the case of Cushing Refining & Gasoline Co. v. Deshan et al., 149 Okla. 225, 300 P. 312, in the 11th paragraph of the syllabus, it is said:

"Where the negligence of one person is concurrent with that of another and the concurring negligence of each produces a condition resulting in an injury to a third person, without negligence on his part, the third person may recover damages for the injury sustained by reason of the concurrent negligence of the two, without regard to whose negligence was the proximate cause of the injury."

In the case of Ross v. Gearin, 145 Okla. 66, 291 P. 534, this court in the 1st paragraph of the syllabus said:

"The determination of what is, or is not negligence is for the jury unless the facts are such that all reasonable men must draw the same conclusion."

In the case of Moses v. Harris et al., 111 Okla. 54, 237 P. 591, this court in the 1st paragraph of the syllabus said:

"On a challenge to the sufficiency of the evidence to support the verdict, the question presented on appeal is, admitting the truth of all the evidence of the plaintiff, together with such inferences and conclusions as may reasonably be drawn therefrom, eliminating all evidence of defendant in conflict with plaintiff's evidence, and all opposing inferences, whether there is any competent evidence tending to support the verdict against defendant."

The substance of the evidence shows that the accident occurred at the intersection of Tenth street and Dewey avenue in the city of Oklahoma City; that Tenth street runs east and west and that Dewey avenue runs north and south. That the bus of the defendant Oklahoma Railway Company, in which the plaintiff was a passenger at the time of the accident, was going south on Dewey avenue. That the codefendant, H. R. Bruning, was going east on Tenth street. That from the intersection of Tenth street and Dewey avenue to the west on Tenth street is a steep incline for something like ¾ths of a block back west of said intersection. That the top of the hill on Tenth street, 200 feet west of the intersection, as shown by plat introduced in evidence, is 8 feet higher than the pavement at the intersection. That a distance 100 feet west on Tenth street from the intersection is 4 feet 3 inches higher than the pavement at the intersection.

The testimony further discloses that Tenth street at said intersection is a boulevard. That there is a stop line designated by a white line on the north side of Tenth street across Dewey avenue, which stop line or white line is on the north side of the sidewalk, 18 feet north of the curb line in Tenth street. That the testimony further shows that this white line on Dewey avenue at said intersection was a regular stop.

There is testimony showing that at the time the collision occurred the back end of the bus was about in the center of Tenth street and that the defendant Bruning, just before the collision, had swerved his car to the north, as though he was going around to the back of the bus. That the right front fender of the Bruning car 'struck the right back fender and wheel of the bus, causing the accident in question. The testimony is conflicting as to the speed of the bus as it entered into Tenth street up to the time of the accident, ranging anywhere from four to fifteen miles per hour. The testimony is conflicting as to the speed of the Bruning car coming down the hill to the intersection, anywhere from 25 to 50 miles per hour.

There is evidence in the record that the bus driver did not stop at the stop line before entering Tenth street; however, there is conflicting evidence on this point. The bus driver testified that he stopped at the stop line on the day of the accident and looked to the east and to the west, and that when he looked to the west on Tenth street, he saw a car coming about ¾ of a block away, coming down the hill from his right, but that he was unable to judge the speed of the car. That he figured he had the right of way and just drove on; and that after driving to the curb line, entering into Tenth street, which the evidence disclosed was 18 feet distance from the white line, the driver of the bus testified that he again noticed the car coming from the west and that at that time it was about one-half block away. That the car coming from the west down the hill had traveled about one-fourth of a block while the bus was traveling 18 feet and that the bus driver drove on into the street and continued until the collision. There is evidence in the record that the bus stopped in Tenth street after it had passed the center of said street before the collision; however, there is conflict in the evidence as to whether or not the bus stopped in Tenth street prior to the accident.

The evidence further discloses that the plaintiff was riding in the second seat from the back of the bus of the defendant railway company at the time of the collision; that by reason of said collision she was rendered unconscious and received two cuts on her face; one over her left eye about ¾th of an inch long and the other on the top of her nose and that the tip of her nose was cut off.

In this case the question of whether the defendant Oklahoma Railway Company, acting through its agent and employee as the driver of said bus, used the utmost care and diligence for the safety of plaintiff, or was guilty of negligence, under the evidence introduced, together with such inferences and conclusions as may reasonably be drawn therefrom, in driving into Tenth street from north going south, taking into consideration that automobiles approaching from the right had the right of way under the state law; and taking into consideration that Dewey avenue entering into Tenth street was a regular stop before entering Tenth street; and also taking into consideration as to whether or not the defendant Oklahoma Railway Company, acting through its agent and employee, stopped in the center of said Tenth street after entering therein, were questions of fact for determination by the jury, under proper instructions by the court; and in this case no question is raised as against the instructions given to the jury, and we are of the opinion that it was not error for the court to submit the case to the jury, and that the evidence offered reasonably tends to support the verdict of the jury.

The next contention of plaintiff in error is:

Proposition 2. "The judgment should be reversed because of the outrageous excessiveness of the verdict returned by the jury in plaintiff's behalf."

The plaintiff was a young lady, 19 years of age, in good health, weighing 105 pounds, attending the Oklahoma University at the time of the accident. That by reason of the collision she was thrown to the bottom of the bus, knocked unconscious, received two cuts on the face, one over the eye, and the other across her nose, and also the end of her nose cut off. That she was in the hospital about 17 days, and at home in bed for about 10 days, and then treated by the doctor about twice a week for sometime. That she suffered pain. That prior to the accident she was not a nervous girl, nor had any pains or aches in her side and

278

back, but that since the injury she has been nervous and unable to sleep well at night, and has pains and aches in her side and back. However, plaintiff testified that the pains and aches in her side and back did not occur in the accident, but that she did not have them before the accident and did not know what caused them. That she has had no life or feeling in the end of her nose since the accident. That she has lost about ten pounds in weight since the injury. That she suffers pain in her nose.

Dr. Curt Von Wedel, a specialist in plastic surgery, testified, in substance, that he examined the plaintiff at the time of the accident and performed two operations on her, one at the time of the accident in October, and one the following June, and that it will be necessary to perform another to straighten her nose by taking a piece of cartilage from her rib and putting it in and around the end of the nose that is cut off. That the cut on her nose extended from the middle of the division between the nostrils and both nostrils laid wide open and the septum was exposed. That the cut over the eye had torn off the entire eyebrow and cut off some of the flesh and muscles and laid the whole thing open. That something like ten or twelve stitches were taken. That the scar over the eye lid and up on to her forehead is a permanent scar. That the nose was broken or fractured. That at the present time she has a permanent disfigurement, and that when the new operation is performed on her nose, if successful, plaintiff will always have a permanent disfigurement of her face. That the doctor bills and expenses for previous operations, together with the expenses necessary to do in the future to improve plaintiff's condition, will amount from $2,000 to $2,500.

The jury returned a verdict for $22,500, and on the hearing on motion for new trial the trial court directed a remittitur down to $15,000 and costs, which was filed by plaintiff.

The jury saw the plaintiff, and heard her, as well as the witnesses, testify as to her condition; and the trial judge had the opportuniity afforded the jurors to gain knowledge of the conditions of the plaintiff's injury, and the amount which will compensate her, together with all the facts and circumstances surrounding her injury, and after deliberation the trial court, with all the facts and circumstances before him, required the remittitur down to $15,000 and costs, and overruled the motions for new trial and rendered judgment therein for

said amount, and under the evidence, inferences and conclusions to be drawn therefrom, we do not believe that the trial court abused its discretion in overruling the motion for new trial after the remittitur had been filed, and that the amount of damages fixed by the court excessive.

The judgment of the trial court is affirmed.

LESTER, C. J., and CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, HEFNER, and SWINDALL, JJ., absent.

Note.—See under (1), annotation in 8 L. R. A. 673, 674; 32 L. R. A. 543; 49 L. R. A. (N. S.) 429; 4 R. C. L. 1082; R. C. L. Perm. Supp. p. 1273. (2), 22 R. C. L. 129, 130; R. C. L. Perm. Supp. p. 5181. (3), 20 R. C. L. 166; R. C. L. Perm. Supp. p. 4849; R. C. L. Pocket Part, title Negligence, R. 140.